UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X
                         :

UNITED STATES OF AMERICA     :

     - v. -            :    **SUPERSEDING INDICTMENT**

                         :

HUGO ARMANDO CARVAJAL BARRIOS,   :    S1 11 Cr. 205 (AKH)
     a/k/a "El Pollo,"           :

                         :

                 Defendant.   :

- - - - - - - - - - - - - - - - - - - X

## COUNT ONE
### (Narco-Terrorism Conspiracy)

The Grand Jury charges:

### OVERVIEW

1.    From at least in or about 1999, up to and including in or about 2019, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, was a member of a Venezuelan drug-trafficking organization comprised of high-ranking Venezuelan officials and others known as the *Cartel de Los Soles*, or "Cartel of the Suns."

2.    The objectives of the *Cartel de Los Soles* included not only enriching its members, but also using cocaine as a weapon against the United States due to the adverse effects of the drug on individual users and the potential for broader societal harms arising from cocaine addiction.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 1 5 2019

3.    From at least in or about 1999, up to and including in or about 2019, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and other members of the *Cartel de Los Soles* worked with terrorists and other drug traffickers in South America and elsewhere to dispatch thousands of kilograms of cocaine from Venezuela for importation into the United States.  CARVAJAL BARRIOS participated in, and caused others to participate in, the provision of heavily armed security to protect some of these drug shipments.

4.    Between at least in or about 1999, up to and including in or about 2014, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and other members of the *Cartel de Los Soles* worked with the leadership of the *Fuerzas Armadas Revolucionarias de Colombia* ("FARC") to coordinate large-scale drug trafficking activities in Venezuela and Colombia, at times in exchange for military-grade weapons provided to the FARC.  At all times relevant to Count One of this Superseding Indictment, the FARC was a terrorist organization dedicated to the violent overthrow of the democratically elected Government of Colombia, which also perpetrated acts of violence against United States nationals and interests and became one of the largest producers of cocaine in the world.

### *Hugo Armando Carvajal Barrios, a/k/a "El Pollo"*

5.   HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, is a Venezuelan citizen.

6.   In or about 2003, Venezuelan President Hugo Rafael Chávez Frías appointed HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, to be a deputy director in Venezuela's military intelligence agency, which was known at the time as the *División de Inteligencia Militar* ("DIM").

7.   Between in or about 2004, up to and including in or about 2011, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, acted as the director of the DIM.

8.   In or about April 2013, then-Venezuelan President Nicolás Maduro Moros ("Maduro") made HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo" the defendant, the director of the DIM for a second time.   CARVAJAL BARRIOS acted as director of the DIM in the Maduro administration until in or about 2014.

9.   Between in or about January 2014, up to and including in or about April 2014, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, acted as the Consul General of Venezuela in Aruba.

10.   In or about January 2016, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, was elected to the

Venezuelan National Assembly as a representative of the Monagas State of Venezuela.

### Cartel de Los Soles

11.  One of the express objectives of the *Cartel de Los Soles* was to "flood" the United States with cocaine.  In pursuit of this objective, beginning at least in or about 1999, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and other members of the *Cartel de Los Soles* cultivated connections to large-scale drug traffickers, including but not limited to FARC leaders, in order to obtain large quantities of cocaine as well as logistical support and protection along cocaine-transportation routes within and between Venezuela and Colombia.

12.  At various times between at least in or about 1999, up to and including in or about 2019, members of the *Cartel de Los Soles* helped cause the government of Venezuela to take official actions that enabled and facilitated drug trafficking.  For example, in or about 2005, the Venezuelan government announced that it had expelled the U.S. Drug Enforcement Administration ("DEA") from Venezuela and largely ceased its participation in bilateral counter-narcotics operations with the DEA.  As a result, and with assistance from HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and other members of the *Cartel de Los Soles*, drug traffickers were able to dispatch large shipments of

cocaine on planes departing from airports and clandestine airstrips in places such as Apure, Venezuela, at an increasing rate. Subsequent to these official actions by Venezuela, in or about 2006, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and other members of the *Cartel de Los Soles* worked together and with others to dispatch a 5.6-ton shipment of cocaine from Venezuela to Mexico on DC-9 jet, which is an aircraft capable of transporting over 100 people.

13. At various times between at least in or about 1999, up to and including in or about 2019, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and other members of the *Cartel de Los Soles* participated directly in multi-ton shipments of cocaine, provided sensitive intelligence and law enforcement information to drug traffickers to facilitate cocaine shipments and other drug-trafficking activities, interfered with drug-trafficking investigations and pending criminal cases in Venezuela and elsewhere, and sold large quantities of previously-seized cocaine to drug traffickers in exchange for millions of dollars.

### Fuerzas Armadas Revolucionarias de Colombia

14. Beginning in or about 1964, the FARC operated as an international terrorist group based in Colombia and Venezuela dedicated to the violent overthrow of the democratically elected Government of Colombia. In October 1997, the United States

Secretary of State designated the FARC as a foreign terrorist organization, and the FARC remains so designated as of the date of the filing of this Superseding Indictment.

15. Following the FARC's inception, while continuing to engage in bombings, massacres, kidnappings, and other acts of violence within Colombia, the FARC also evolved into one of the largest producers of cocaine in the world.

16. The FARC directed violent acts against United States persons and property interests in foreign jurisdictions, including, but not limited to, Colombia. In order to protect its financial interests in the cocaine trade, the FARC leadership ordered its members to take counter measures against the Government of Colombia's cocaine fumigation campaign, including, among other actions: attempting to shoot down fumigation aircraft; forcing members and supporters to publicly rally against fumigation; and attacking Colombian infrastructure. Having recognized that the United States contributed significantly to Colombian fumigation efforts, the FARC leadership ordered FARC members to kidnap and murder United States citizens and to attack United States interests in order to dissuade the United States from continuing its efforts to fumigate and disrupt the FARC's cocaine and cocaine paste manufacturing and distribution activities.

17.  The FARC's violent acts directed against the United States and United States interests included murders and kidnappings of United States nationals as well as a 2003 bombing of a restaurant in Bogota, Colombia frequented by United States nationals.

STATUTORY ALLEGATIONS

18.  From at least in or about 1999, up to and including in or about 2014, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, including in Venezuela, Colombia, Mexico, and elsewhere, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and others known and unknown, at least one of whom will be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 21, United States Code, Section 960a.

19.  It was a part and an object of the conspiracy that HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and others known and unknown, would and did engage in conduct that would be punishable under Title 21, United States Code, Section 841(a) if committed within the jurisdiction of the United States, to wit, the distribution of, and possession with the intent to distribute, five kilograms and more of mixtures and substances

containing a detectable amount of cocaine, knowing and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorism and terrorist activity, to wit, the FARC (which has been designated by the United States Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act and remains so designated) and its members, operatives, and associates, having knowledge that such organization and persons have engaged and engage in terrorism and terrorist activity, in violation of Title 21, United States Code, Section 960a.

(Title 21, United States Code, Section 960a; and Title 18, United States Code, Section 3238.)

## COUNT TWO
### (Cocaine Importation Conspiracy)

The Grand Jury further charges:

20. Paragraphs 1 through 17 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

21. From at least in or about 1999, up to and including in or about 2019, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, including in Venezuela, Colombia, Mexico, and elsewhere, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant,

8

and others known and unknown, at least one of whom will be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate provisions of Title 21, United States Code, Chapter 13, Subchapter II.

22. It was a part and an object of the conspiracy that HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and others known and unknown, would and did knowingly and intentionally import into the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

23. It was further a part and an object of the conspiracy that HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and others known and unknown, would and did manufacture, distribute, and possess with intent to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

24. It was further a part and an object of the conspiracy that HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and others known and unknown, would and did, on

board an aircraft registered in the United States, manufacture, distribute, and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 959(c) and 960(a)(3).

25.   The controlled substance that HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, conspired to (i) import into the United States and into the customs territory of the United States from a place outside thereof, (ii) manufacture and distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof, and (iii) manufacture, distribute, and possess on board an aircraft registered in the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B).

(Title 21, United States Code, Section 963; and
Title 18, United States Code, Section 3238.)

**COUNT THREE**
**(Possession of Machineguns and Destructive Devices)**

The Grand Jury further charges:

26. Paragraphs 1 through 17 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

27. From at least in or about 1999, up to and including in or about 2019, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, including in Venezuela, Colombia, Mexico, and elsewhere, and for which at least one of two or more joint offenders will be first brought to and arrested in the Southern District of New York, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the controlled substance offenses charged in Counts One and Two of this Superseding Indictment, knowingly used and carried firearms, and, in furtherance of such crime, knowingly possessed firearms, and aided and abetted the use, carrying, and possession of firearms, to wit, machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices.

(Title 18, United States Code,
Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

<u>COUNT FOUR</u>

(Conspiracy to Possess Machineguns and Destructive Devices)

The Grand Jury further charges:

28.   Paragraphs 1 through 17 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

29.   From at least in or about 1999, up to and including in or about 2019, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, including in Venezuela, Colombia, Mexico, and elsewhere, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and others known and unknown, at least one of whom will be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

30.   It was a part and an object of the conspiracy that HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, and others known and unknown, would and did, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the controlled substance offenses charged in Counts One and Two of this Superseding Indictment, knowingly use and carry firearms, and, in furtherance

of such drug trafficking crime, knowingly possess firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

FORFEITURE ALLEGATION
(As to Counts One and Two)

31. As a result of committing the controlled substance offenses charged in Counts One and Two of this Superseding Indictment, HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offenses charged in Counts One and Two of this Superseding Indictment.

FORFEITURE ALLEGATION
(As to Counts Three and Four)

32. As a result of committing the firearms offenses charged in Counts Three and Four of this Superseding Indictment,

13

HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of the offenses charged in Counts Three and Four of this Superseding Indictment.

<u>Substitute Assets Provision</u>

33.   If any of the above-described forfeitable property, as a result of any act or omission of HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 & 970; and
Title 28, United States Code, Section 2461(c).)


FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

HUGO ARMANDO CARVAJAL BARRIOS,
a/k/a "El Pollo,"

Defendant.

## SUPERSEDING INDICTMENT

S1 11 Cr. 205 (AKH)

(21 U.S.C. §§ 960a, 963; and
18 U.S.C. §§ 924, 3238, 2.)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

_____ Foreperson.