# ZMO Law PLLC

November 18, 2022

*Via ECF*

Hon. Alvin K. Hellerstein
Southern District of New York
United States District Court
500 Pearl Street
New York, NY 10007

     RE: *U.S. v. Hugo Armando Carvajal Barrios,* 11 Cr. 205 (AKH)

Dear Judge Hellerstein:

    This office represents Hugo Carvajal in the above-captioned matter. I write to request that the Court order a deposition of a defense witness named Fernando Blengio, who is imprisoned in the Bureau of Prisons under the name Luis Fernando Bertulucci Castillo. According to the BOP, Mr. Blengio is currently housed in Oklahoma and scheduled to be released on January 6, 2023. I ask that the deposition be ordered to take place in a BOP or U.S. Marshals facility prior to that date.

    Enclosed please find a declaration signed by Lara Dreux, a multilingual paralegal in our office, setting forth the factual basis for the proposed deposition.

    I have contacted AUSAs Kyle Wirshba and Kaylan Lasky regarding the government's position on this request but so far have not received a response.

*Applicable Law*

    Under Rule 15 of the Federal Rules of Criminal Procedure, a deposition of a prospective witness may be ordered "to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). "The court may grant the motion because of exceptional circumstances and in the interest of justice." *Id*. In the Second Circuit, "[a] movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *U.S. v. Cohen,* 260 F.3d 68, 78 (2d Cir. 2001); *see also U.S. v. Alexandre*, 22-cr-326 (JPC), 2022 WL 9843495, at *2 (S.D.N.Y. Oct. 17, 2022) (granting motion to conduct remote Rule 15 deposition where witnesses in

353 Lexington Avenue, Suite 900 • New York, NY 10016
(212) 685-0999 • zach@zmolaw.com
www.zmolaw.com

ZMO Law PLLC

Lithuania and Cypress were not amenable to process and the testimony was "material" because it "would tend to disprove the Government's assertion that Defendant violated the law[.]"). A witness is "unavailable" if they are unable or unwilling to travel to the United States for trial. *See, e.g., U.S. v. Alexandre* at *3. If the movant satisfies unavailability and materiality, "the interests of justice prong is likely satisfied so long as there are no substantial countervailing factors militating against the taking of the depositions." *U.S. v. Fargesen*, 21 CR 602 (LAP), 2022 WL 4110303, at *5 (S.D.N.Y. Sept. 8, 2022) (granting motion to conduct remote Rule 15 deposition).

*Analysis*

Here, exceptional circumstances exist, and a deposition is in the interest of justice, because Mr. Blengio's testimony is essential to Mr. Carvajal's defense case and will promote the truth-seeking process of the jury trial. The government alleges that Mr. Carvajal "worked together and with others to dispatch a 5.6-ton shipment of cocaine from Venezuela to Mexico on DC-9 jet" in 2006. S-1 Superseding Indictment ¶ 12.[1] But, as the Dreux declaration makes clear, Mr. Blengio will testify that he was the owner of the DC-9, coordinated the shipment with Venezuelan authorities, and was lied to by Venezuelan authorities who falsely claimed that Mr. Carvajal was involved in order to extract money from him. This testimony will soundly exculpate Mr. Carvajal in relation to the government's allegation that he worked to "dispatch" the drug-laden jet. *See* Dreux Decl. ¶¶ 4-5.

Moreover, if no deposition is ordered and Mr. Blengio is deported, it will likely be impossible to present his testimony to the jury. Accordingly, under these circumstances, we respectfully submit that in order to preserve Mr. Carvajal's Sixth Amendment rights to compulsory process and to present a case, the Court should order an in-person deposition to take place prior to January 6, 2023. *See United States v. O'Sullivan*, 553 F. Supp. 2d 1349 (M.D. Fla. 2008) (district court granted defendant's motion to take a Rule 15 deposition because the witness's removal hearing was scheduled for six weeks before the defendant's trial and the testimony was "material" because it would contradict the government's theory of the case).

*Conclusion*

In order to ensure Mr. Carvajal's right to a fair trial and a full airing of the truth behind the government's allegations, the Court should order the deposition of Fernando Blengio,

---

[1] If extradited, Mr. Carvajal may be tried solely on the S-1 Superseding Indictment based on representations made to Spanish authorities in the extradition proceedings.

11/18/22
Page 2

ZMO Law PLLC

also known as Luis Fernando Bertulucci Castillo pursuant to Rule 15 of the Federal Rules of Criminal Procedure.

    Thank you for your attention to this case.

                          Very truly yours,

                          *Zachary Margulis-Ohnuma*

                          Zachary Margulis-Ohnuma

Encl.

CC:    All Counsel

11/18/22  
Page 3