# ZMO Law PLLC

October 19, 2023

*Via ECF and email*

Hon. Alvin K. Hellerstein
Southern District of New York
United States District Court
500 Pearl Street
New York, NY 10007

RE: *U.S. v. Hugo Armando Carvajal Barrios*, 11 Cr. 205 (AKH)

Dear Judge Hellerstein:

This office represents General Hugo Armando Carvajal Barrios in the above-captioned matter. I write to renew our motion dated November 18, 2022 asking the Court to order a deposition of defense witness Fernando Blengio a/k/a Luis Fernando Bertulucci Castillo ("Blengio") pursuant to Rule 15 of the Federal Rules of Criminal Procedure. ECF No. 108. We respectfully request that the Affidavit submitted with that motion, ECF No. 108-1, be deemed incorporated herein.

Since our initial request, Blengio has been released from Bureau of Prisons custody and removed from the United States to Mexico. I have been in contact with him and his attorney in Mexico City and they have told me that he is willing to sit for a deposition in Mexico. In addition, the government has turned over discovery materials that confirm Blengio's claim that he was involved in the April 2006 cocaine shipment from Venezuela to Mexico that is at the heart of the government's allegations against General Carvajal. As an aggravated felon with a drug conviction, Blengio is permanently barred from entering the United States and therefore is unavailable to appear at trial. Accordingly, there are exceptional circumstances warranting the taking of Blengio's deposition in Mexico and it is in the interest of justice to order it pursuant to Rule 15.

Moreover, we respectfully submit that Mr. Blengio is an essential witness for the defense and if his testimony is not presented to the jury, Mr. Carvajal's right to a fair trial pursuant to the Sixth Amendment of the U.S. Constitution would be violated.

## Background

In November 2022, this office appeared on behalf of General Carvajal and moved the Court to order Blengio's deposition. ECF No. 108. At the time, Carvajal was in custody in Spain opposing the government's efforts to extradite him. Blengio was in Bureau of Prisons custody in the United States. The government opposed the motion to depose Blengio,

353 Lexington Avenue, Suite 900 • New York, NY 10016
(212) 685-0999 • zach@zmolaw.com
www.zmolaw.com

ZMO Law PLLC

arguing that (1) Blengio's anticipated testimony is "not sufficiently material, as it does not exculpate [Carvajal]"; (2) we had not "established unavailability" and (3) "granting the motion at this time is not necessary to prevent any failure of justice, and to the contrary would unfairly advantage the defendant." ECF No. 109 at 3 (hereinafter "Opp."). The Court denied the application, noting that Mr. Carvajal was opposing extradition in the Spanish courts, and granting leave "to renew the motion upon a stronger showing of exceptional circumstances after he appears in this court." ECF No. 110.[1]

*Argument*

We respectfully submit that (1) Carvajal's appearance in this Court, (2) the fact that Blengio is permanently inadmissible to the United States as an aggravated felon pursuant to 8 U.S.C. § 1182(A)(2)(a)(i)(II), and (3) the significance of Blengio's testimony to General Carvajal's defense, taken together, amount to a sufficient showing of exceptional circumstances to warrant the taking of Blengio's deposition in Mexico in the interests of justice.

Under Rule 15 of the Federal Rules of Criminal Procedure, a deposition of a prospective witness may be ordered "to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). "The court may grant the motion because of exceptional circumstances and in the interest of justice." *Id*. In the Second Circuit, "[a] movant must show that (1) the prospective witness is unavailable for trial, (2) the witness'[s] testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *U.S. v. Cohen,* 260 F.3d 68, 78 (2d Cir. 2001); *see also U.S. v. Alexandre*, 22-cr-326 (JPC), 2022 WL 9843495, at \*2 (S.D.N.Y. Oct. 17, 2022) (granting motion to conduct remote Rule 15 deposition where witnesses in Lithuania and Cypress were not amenable to process and the testimony was "material" because it "would tend to disprove the Government's assertion that Defendant violated the law[.]"). A witness is "unavailable" if he is unable or unwilling to travel to the United States for trial. *See, e.g., U.S. v. Alexandre at \*3*. If the movant satisfies unavailability and materiality, "the interests of justice prong is likely satisfied so long as there are no substantial countervailing factors militating against the taking of the depositions." *U.S. v. Fargesen*, 21 Cr. 602 (LAP), 2022 WL 4110303 at \*5 (S.D.N.Y. Sept. 8, 2022) (granting motion to conduct remote Rule 15 deposition).

The government's second and third arguments against a deposition—that Blengio was not unavailable in late 2022 and that Carvajal should not be permitted to take witness testimony before appearing in the United States—are no longer supported because the factual circumstances have changed: Blengio has been removed from the United States

---

[1] This language denying our initial motion appears on the electronic docket but we are advised by chambers that no separate written order was issued.

10/19/23
Page 2

ZMO Law PLLC

and is permanently excluded from re-entering as an aggravated felon under the immigration law; and Carvajal has appeared and is in jail in Brooklyn.

The government's remaining argument seems to be that Blengio's testimony is not material because it would not exculpate Carvajal, and, "[i]n fact…is, if anything, inculpatory, as it suggests that it was common knowledge that the defendant was involved in narcotics importation[.]" Opp. at 4. But Blengio's testimony may be an essential part of Carvajal's defense and is highly relevant in any event. The case against Carvajal centers on the 2006 DC-9 drug shipment. The original indictment unsealed in 2011 alleged *only* conduct relating to this shipment. *See* ECF No. 2: Indictment ¶ 4(a). The operative S-1 Superseding Indictment alleges General Carvajal worked "to dispatch" the airplane full of cocaine from Venezuela, ECF No. 8 at 12. The government admits that it intends to offer testimony about "the aircraft that Blengio claimed to own." Opp. at 4. Moreover, discovery materials disclosed to date tend to corroborate Blengio's anticipated testimony that he was the owner of the DC-9 carrying the drugs from Venezuela to Mexico. *See* AC_011207 (DEA-6 report indicating that Blengio and another pilot flew a second plane that was escorting the DC-9 to Mexico). We believe that the government may have other materials in its possession tying Mr. Blengio to the DC-9 shipment and to Venezuelan officials other than General Carvajal. We have requested those materials pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*.

As shown in extradition materials, the Indictment, and the government's latest submission, the case against General Carvajal boils down to second-hand "common knowledge" and is devoid of facts linking him to narcotics trafficking. The only fact that the government points to in its opposition is that "a witness will testify that the defendant personally instructed another Venezuelan official and member of the Cartel de los Soles, in sum and substance, that the other official needed to be prepared to intervene should law enforcement attempt to stop the 2006 cocaine shipment aboard the airplane Blengio claimed to own." Opp. at 4. At trial, we expect to argue that this testimony is false: Carvajal never instructed any Venezuelan official to take such action. Rather, other Venezuelan officials used General Carvajal's name to extract bribes from drug traffickers without General Carvajal's knowledge or consent.

Blengio's is expected to testify at deposition that he coordinated and made payments to Venezuelan officials—and made payments to someone who he was told was Carvajal but later learned was *not* Carvajal. ECF No. 108-1. That testimony provides credible evidence that statements by the government's witness implicating Carvajal are false. It supports a defense argument that people within the Venezuelan government used Carvajal's name to extract payments from drug dealers like Blengio; the traffickers did not need Carvajal to protect their loads because they had the other people that Blengio will testify about. Carvajal has a Sixth Amendment right to present evidence supporting his defense, including Blengio's testimony. It will be for the jury to decide whether the testimony of

ZMO Law PLLC

any witness is true, whether it undermines other witness testimony, and how much weight to give it. To prevent Blengio from testifying because he is not permitted to travel to the United States for trial would create a "failure of justice" and violate Carvajal's Sixth Amendment right to present a case.

To the extent the government expresses concern that some of Blengio's statements to our office consisted of "mere speculation," we will of course take care not to elicit speculation or otherwise inadmissible testimony and, if we inadvertently do so at the deposition, the government can easily move to exclude any improper testimony before trial and thereby ensure it does not reach the jury. But the *facts* that Blengio may testify about are essential to Carvajal's case: he owned the plane, worked with other Venezuelan officials to ensure its safe passage through the airports, paid the officials, discussed whether to pay Carvajal with co-conspirators, and ultimately did not pay Carvajal but paid someone else he later learned was an imposter. ECF No. 108-1 at 2. More detailed facts will be elicited at the deposition, but our office's affidavit submitted last year makes clear that Blengio—the leader of the effort to send 5.6 tons of cocaine to Mexico that Carvajal is accused of—can offer material testimony that should be available at the trial. *Id.* If Blengio were at liberty in New York, there is no question that the jury would get to hear what he has to say; the government should not be permitted to capitalize on the fact that they have deported him to prevent him from being a witness for the defense.

### Conclusion

Because Blengio is unavailable to testify at trial, his testimony is essential to the defense, and General Carvajal is now before the Court awaiting trial, exceptional circumstances exist to order Blengio's deposition in Mexico in the interest of justice.

Thank you for your attention to this case.

Very truly yours,

ZMO Law PLLC

By: *Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma
Tess Cohen
Counsel for Hugo Carvajal

CC:    All Counsel

10/19/23
Page 4