UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
UNITED STATES OF AMERICA, :
:
-against- :
:
HUGO ARMANDO CARVAJAL BARRIOS, et :
al., :
:
Defendants. :
:
------------------------------------------------------------- x

**ORDER DENYING MOTION FOR FOREIGN DEPOSITION TO PRESERVE TESTIMONY**

11 Cr. 205 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Hugo Armando Carvajal Barrios ("Carvajal"), the former director of Venezuela's military intelligence and holder of other offices, was indicted of narco-terrorism and cocaine importation conspiracies, along with Venezuelan President Nicolas Maduro Moros and others. Carvajal moves, pursuant to Rule 15(a)(1), for a deposition to preserve the testimony of Fernando Blengio, a Mexican national who was deported from, and barred from reentering, the United States.[1] The Government opposes. After hearing argument, I deny Carvajal's motion. My rulings are reflected in the transcript of argument on November 1, 2023 and are summarized below.

## THE SUPERSEDING INDICTMENT

The Superseding Indictment (S2) alleges that Carvajal, a leading member of *Cartel de Los Soles*, a Venezuelan drug cartel, took advantage of his public office to conspire to illegally traffic and import narcotics into the United States in support the Revolutionary Armed Forces of Colombia (FARC), a designated terrorism organization. Specifically, the indictment alleges, Carvajal, in 2006, "worked with other members of the *Cartel de Los Soles*" to coordinate

---

[1] Carvajal previously so moved while he was resisting extradition proceedings in Spain. *See* ECF No. 108. Extradition was granted and, as a detainee in this Court, he renews his motion.

1

a 5.6-ton cocaine shipment from Venezuela to Mexico on a private jet bearing a U.S. registration number; that, between 2008 and 2013, he participated in meetings with his co-conspirators and FARC representatives, during which they discussed coordinating drug trafficking activities between *Cartel de Los Soles* and FARC; that, in or around 2008, the co-conspirators agreed that the *Cartel de Los Soles* would provide FARC with cash and weapons in exchange for increased cocaine production; and that, in or around 2009, he participated in a meeting in which the attendees discussed a four-ton cocaine shipment destined for the United States, and ways to insulate their operation from recent geopolitical instability in Honduras. Around September 2013, after co-Defendant Maduro Moros ascended to the Venezuelan presidency, French authorities seized 1.3 tons of cocaine from a commercial flight that landed at Paris Charles de Gaulle Airport. Carvajal was in the post-mortem meeting to discuss "alternative drug routes and locations to dispatch cocaine" to avoid future detection.

## DISCUSSION

### 1. Applicable law

Under Fed. R. Crim. P. 15(a)(1), a court may grant a motion to depose a prospective trial witness because of "exceptional circumstances and in the interest of justice." The movant must prove three factors: 1) that the prospective witness is unavailable for trial, 2) the witness'[s] testimony is material, and 3) the testimony is necessary to prevent a failure of justice. *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001). Anticipated testimony is material under Rule 15 if it is "highly relevant to a central issue in the case," or "challenge[s] central aspects of the government's allegations." *United States v. Vilar*, 568 F. Supp. 2d 429, 437 (S.D.N.Y. 2008); *United States v. Pham*, 12-CR-423 (AJN), 2015 WL 7871348, at *2 (S.D.N.Y. Dec. 4, 2015). A Rule 15 motion may be denied if the proposed testimony would be

inadmissible at trial. *United States v. Stein*, 482 F. Supp. 2d 360, 365 (S.D.N.Y. 2007); *Pham*, 2015 WL 7871348, at *2.

### 2. Carvajal's Motion

Carvajal Barrios moves to depose, and preserve for trial, the testimony of Fernando Blengio. Carvajal argues that Blengio's testimony would tend to show that lower-level cartel members, in bribing others, would use Defendant's name and likeness as sponsorship for the bribes, and that Carvajal did not know of the bribes and did not authorize them. *See* Tr. at 4:8–13. If deposed, Blengio was expected to testify that he "personally arranged the 2006 Transaction involving the Plane," that he "never spoke to the defendant," that his Venezuelan contacts "recommended he pay Gen. Carvajal, in order to ensure that their narcotics conspiracy continued to work smoothly," that he "personally handed [a man he thought to be Gen. Carvajal] a large sum of U.S. currency" and "later saw a photo of Gen. Carvajal and only then learned that he had been tricked," and that Carvajal "was not involved in the 2006 transaction." ECF No. 108, Ex. 1.

Defendant argues that Blengio's testimony would be "credible evidence that statements by the government's witness implicating Carvajal are false," that "people within the Venezuelan government used Carvajal's name to extract payments from drug dealers like Blengio," and that Blengio's testimony would tend to exculpate him. ECF No. 129 at 3, Tr. at 7:8–10. Defendant argues that Blengio is permanently barred from the United States, having been deported to Mexico in January 2020 as an aggravated felon, and, therefore, is "unavailable" to testify at trial. Preventing Blengio from testifying, Defendant argues, would be a "failure of justice" in violation of his Sixth Amendment right to present evidence supporting his defense. ECF No. 129 at 3.

The government's first argument, that because Blengio could apply to Immigration officials for permission to re-enter the United States, he is not "unavailable," is specious. The government's second and third arguments are persuasive.

The government argues that Blengio's testimony would be neither material nor useful. Blengio's proposed testimony is not based on any meeting with Carvajal, nor of what happened to the money, or if he was, in fact, "tricked." ECF No. 134 at 3. Carvajal is charged with entering into an illegal agreement, a conspiracy to commit narcotic trafficking-related offenses, and Blengio's testimony does not touch on that proposition. *United States v. Shabani*, 513 U.S. 10, 164 (1994) (in drug conspiracy offenses "the criminal agreement itself is the *actus reus*"). Indeed, Blengio's proposed testimony that Carvajal's name was given to him in connection with bribes to exit Venezuela with a plane-load of narcotics, suggests that Carvajal was involved in the scheme, regardless of whether or not the right persons were bribed. The government expects to introduce "witness testimony that the defendant instructed other members of the *Cartel de los Soles*, a co-conspirator, that he should be prepared to . . . stop any law enforcement efforts with regard to the plane." Tr. at 6:13–16. Again, Blengio's proposed testimony would neither confirm nor impeach that proposition. Whether Blengio owned the plane or not, whether he paid money to Carvajal Barrios or someone else, and whether Blengio was told that people used Carvajal's name all are irrelevant to establishing whether an agreement among the co-conspirators existed. Finally, the 2006 flight was but one of several overt acts reflecting the conspiracy.

Defense counsel argues that Blengio's testimony would bear on identifying Carvajal Barrios as the person who took the bribes and had the authority to stop the 2006 cocaine shipment, that "there's a dispute about whether the agreement was with Mr. Carvajal or with

4

other people." Tr. at 9:8–11. Yet Blengio says he has never met Defendant, making his non-identification testimony irrelevant to the case. *See* ECF No. 108, Ex. 1. In sum, Defendant fails to show any evidentiary foundation for admissible testimony regarding the alleged conspiracy. As the government states in its third argument, denying Carvajal's motion to preserve Blengio's speculative testimony would not be a "failure of justice."

## CONCLUSION

Defendant Carvajal's motion is denied. The Clerk shall terminate ECF Nos. 108 and 129. The parties shall appear for a pre-trial conference on December 12, 2023 at 10 a.m. Time is excluded until then, in the interest of justice. 18 U.S.C. § 3161(h)(7)(A).

SO ORDERED.

Dated: November 7, 2023
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge