UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
UNITED STATES OF AMERICA

v.                                                                                    11 CR. 205 (AKH)

HUGO ARMANDO CARVAJAL-BARRIOS

       Defendant
------------------------------------------------------------------x

## DEFENDANT'S MOTION IN LIMINE RE: CO-CONSPIRATOR STATEMENTS AT TRIAL

### INTRODUCTION

Defendant Hugo Carvajal-Barrios respectfully submits this *Motion In Limine* asking the Court to very carefully scrutinize any alleged out of court co-conspirator statements that the Government will seek to introduce during the trial of this case. While the defense has not yet received *Jencks* material or had the opportunity to review any Government motion(s) in limine, in undersigned counsels' experience in similar conspiracy cases, the prosecution invariably seeks to rely on Federal Rule of Evidence 801(d)(2)(E) as the basis for eliciting huge swaths of statements made by absent declarants.

As the Court knows, members of criminal conspiracies have no allegiance to each other and none to the truth. Thus, the underlying premise that co-conspirator statements are not hearsay when made during and in furtherance of a conspiracy is suspect *ab initio*. These common-sense concerns are exponentially greater when the co-conspirator statements are elicited from a witness seeking some benefit from the Government, which has the sole discretion to recommend sentence reductions in criminal cases.

This pleading sets forth the legal requirements and methodology for analyzing the

1

admissibility of out of court statements in furtherance of a conspiracy. The defense will supplement this pleading when the defense has the details of the testimony the Government intends to elicit.

## LEGAL ANALYSIS OF CO-CONSPIRATOR STATEMENTS

1. **The Requirements of The Federal Rules Of Evidence**

Federal Rule of Evidence 801(d)(2)(E) states that an out of court statement is not hearing if made "by a coconspirator of a party during the course and in furtherance of the conspiracy." The common explanation for a rule that exempts these statements from the definition of hearsay is the "agency theory;" that is:

> each member of a conspiracy is the agent of each of the other conspirators whenever he is acting—including speaking—to promote the conspiracy (hence the requirement that the statement be in furtherance of the conspiracy).

United States v. Perez, 989 F.2d 1574, 1577 (10th Cir. 1993)(internal quotations omitted).

In order to fall withing the ambit of the rule, the moving party must establish by a preponderance of the evidence that:

> (1) there was a conspiracy, (2) that its members included the declarant and the party against whom the statement is offered, and (3) that the statement was made both (a) during the course of and (b) in furtherance of the conspiracy.

United States v. Diaz, 176 F.3d 52, 83 (2d Cir. 1999).

Thus, the burden rests with the Government to first establish that "there was a conspiracy involving the declarant and the non-offering party. Bourjaily v. United States, 483 U.S. 171, 175, (1987). In regard to this element of proof, the defense notes that this requires the prosecution to allege sufficient facts in advance of eliciting the co-conspirator statement that the witness was involved in one of the charged conspiracies in this case and not in generally related criminal conduct. As other courts have noted, "[w]here there are multiple conspiracies, co-conspirator

2

statements are only admissible against defendants who are proven, by a preponderance of the evidence, to have joined the specific conspiracy that the co-conspirator statements allegedly furthered" United States v. Patel, 2023 WL 2643815, at *49 (D. Conn. Mar. 27, 2023).

The requirement that the statement be made "during" the course of the conspiracy imposes temporal limitations on admissibility. Thus, statements made before a conspiracy began are not admissible. The statement must have been made "while the conspiracy is active: after its formation and before its cessation." United States v. Saneaux, 392 F. Supp. 2d 506, 515 (S.D.N.Y. 2005). Similarly, statements made "after the objectives of the conspiracy have either failed or been achieved are not made during the conspiracy and must be excluded." United States v. Alcorta, 853 F.3d 1123, 1139 (10th Cir. 2017)

Finally, the element of "in furtherance" also imposes limitations on the scope of such out of court statements. The rule does not open the door to the admissibility of gossip, or speculation or some recitation of past events among members of a conspiracy. Rather, to be in furtherance,

> a statement must be more than a 'mere narrative' description by one coconspirator of the acts of another. Rather, the statements must be such as to prompt the listener -- who need not be a coconspirator -- to respond in a way that promotes or facilitates the carrying out of a criminal activity.... [S]tatements between coconspirators that may be found to be in furtherance of the conspiracy include statements that provide reassurance, or seek to induce a coconspirator's assistance, or serve to foster trust and cohesiveness, or inform each other as to the progress or status of the conspiracy.

United States v. Torres, 435 F. Supp. 3d 526, 531 (S.D.N.Y. 2020)(internal quotations omitted). Accord United States v. Taylor, 328 F. Supp. 2d 915, 922 (N.D. Ind. 2004)("idle chatter, narrative declarations, and superfluous casual remarks are not considered statements in furtherance of the conspiracy under 801(d)").

These requirements apply independently to each out of court statement that the prosecution will seek to introduce in this case.

### 2. The Court Must Still Assess The Reliability Of The Out Of Court Statements And Avoid Unfairly Prejudicial Testimony

Even assuming *arguendo* that the prosecution can satisfy the requirements of Federal Rule 801(d)(2)(E) with respect to out of court co-conspirator statements it seeks to introduce, this Court should nonetheless exercise it gate-keeping function to ensure that the statements bear sufficient indicia of reliability. See, e.g., United States v. Myton, 224 F. App'x 125, 129 (2d Cir. 2007)(reliability can be established when statements "contain particularized guarantees of trustworthiness"). As two Supreme Court justices keenly noted in dissent:

> "[t]hat a statement was truly made "in furtherance" of a conspiracy cannot possibly be a guarantee, or even an indicium, of its reliability.

United States v. Inadi, 475 U.S. 387, 404, 106 S. Ct. 1121, 1131, 89 L. Ed. 2d 390 (1986) (Brennan, J.; Marshall, J. dissenting).

This commonsense conclusion should inform this Court's decision concerning the admissibility of any co-conspirator statements during the upcoming trial of this case. This Court should be appropriately skeptical of testimony from Government witnesses – particularly ones in cooperation – when there is no independent corroboration of the contents of the out of court declarations. Similarly, the Court must act pursuant to Federal Rule of Criminal Procedure 403 to avoid the admission of unfairly prejudicial testimony.

### CONCLUSION

As noted, the defense will supplement this *Motion In Limine* when it has a more complete understanding of the scope and detail of the Government's intent to introduce out of court co-

conspirator statements.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
1300 Pennsylvania Avenue, N.W.
Washington, D.C. 20008
D.C. Bar No. 366673
202-255-6637
RF@RFeitelLaw.com


Respectfully submitted,

/s/ *Sandi S. Rhee*

------------------------------
Sandi S. Rhee (VBN 47328)
10001 Georgetown Pike, #63
Great Falls, Virginia 22066
(202) 285-8366 cellular phone
SandiRheeLaw@Gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was sent via ECF to AUSAs Kaylan Lasky, Kevin Sullivan, and Bradley Nichols, Narcotic and Dangerous Drug Section, this 3rd th day of June, 2025.

                                      Robert Feitel
                                      _____
                                      Robert Feitel