UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

HUGO ARMANDO CARVAJAL BARRIOS,
    a/k/a "El Pollo,"

              Defendant.

S1 11 Cr. 205 (AKH)

---

## THE GOVERNMENT'S REQUESTS TO CHARGE

JAY CLAYTON
United States Attorney
Southern District of New York
26 Federal Plaza
New York, New York 10278

Nicholas S. Bradley
Kaylan E. Lasky
Kevin T. Sullivan
Assistant United States Attorneys
    *Of Counsel*

## TABLE OF CONTENTS

**GENERAL REQUESTS** ............................................................................................................ **2**

**THE SUBSTANTIVE LAW** ...................................................................................................... **3**

   I.     Count One – Narcoterrorism Conspiracy ...................................................... 4

     A.   Count One: Overview ................................................................................ 4

     B.   Count One: Elements ................................................................................ 4

     C.   Count One: First Element—Existence of a Conspiracy ................................ 5

     D.   Count One: Second Element—Membership in the Conspiracy ................................ 12

     E.   Count One: Special Interrogatory on Drug Type and Quantity.................................. 15

   II.    Count Two – Cocaine Importation Conspiracy ......................................... 16

     A.   Count Two: Overview ............................................................................. 16

     B.   Count Two: Elements ............................................................................. 16

     C.   Count Two: First Element—Existence of a Conspiracy............................................ 17

     D.   Count Two: Second Element—Membership in the Conspiracy............................... 21

     E.   Count Two: Special Interrogatory on Drug Type and Quantity ............................... 22

   III.   Count Three – Possession of Machineguns or Destructive Devices ......................... 23

     A.   Count Three: Overview ........................................................................... 23

     B.   Count Three: Elements ........................................................................... 24

     C.   Count Three: Aiding and Abetting .......................................................... 26

     D.   Count Three: Special Interrogatory on Firearm Type................................................ 29

   IV.   Count Four – Conspiracy to Possess Machineguns or Destructive Devices ............. 30

     A.   Count Four: Overview ............................................................................ 30

     B.  Count Four: Elements ............................................................................. 30

     C.   Count Four: Special Interrogatory on Firearm Type ................................................ 31

   V.    Venue ...................................................................................................... 32

   VI.   Variance in Dates .................................................................................... 32

**ADDITIONAL REQUESTED CHARGES** ............................................................................ **33**

   I.     Law Enforcement or Government Witnesses ............................................ 33

   II.    Persons Not on Trial ................................................................................ 33

   III.   Liability for Acts and Declarations of Co-Conspirators............................................ 34

   IV.   Ignore External Sources of Information .................................................... 34

V.      Inferences ................................................................................................. 35

VI.     Uncalled Witnesses—Equally Available to Both Sides ................................ 36

VII.    Spanish Language Testimony ...................................................................... 36

VIII.   Redaction of Evidence [If Applicable] ........................................................ 37

IX.     Stipulations (Testimony) [If Applicable] .................................................... 37

X.      Stipulations (Fact) [If Applicable] .............................................................. 38

XI.     Cooperating Witness Testimony ................................................................. 38

XII.    Use of Evidence Obtained Pursuant to Search [If Applicable] ................... 40

XIII.   Use of Recordings, Transcripts, and Translations [If Applicable] .............. 41

XIV.    Particular Investigative Techniques Not Required [If Applicable] ............... 42

XV.     Evidence of Other Wrongs or Acts [If Applicable] ..................................... 42

XVI.    Preparation of Witnesses ........................................................................... 43

XVII.   Expert Testimony [If Applicable] ................................................................ 44

XVIII.  Charts and Summaries [If Applicable] ........................................................ 45

XIX.    Defendant's Testimony [If Applicable] ........................................................ 45

XX.     Defendant's Right Not to Testify [If Requested by the Defendant] ............. 45

XXI.    Character Witness [If Applicable] ................................................................ 46

XXII.   False Exculpatory Statements [If Applicable] ............................................. 46

XXIII.  Improper Considerations: Race, Religion, National Origin, Sex, or Age .............. 47

**CONCLUSION** ....................................................................................................... **48**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| - v. - | S1 11 Cr. 205 (AKH) |
| HUGO ARMANDO CARVAJAL BARRIOS, a/k/a "El Pollo," | |
| Defendant. | |

## REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## <u>GENERAL REQUESTS</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

    a.  Function of the Court, Counsel, and Jury

    b.  Sympathy or Bias: Oath as Jurors

    c.  All Persons Equal Before the Law

    d.  Presumption of Innocence, Burden of Proof, and Reasonable Doubt

    e.  Indictment Not Evidence

    f.  Statements of Court and Counsel Not Evidence

    g.  Rulings on Evidence and Objections

    h.  Government Treated Like Any Other Party

    i.  Definitions, Explanations, and Examples of Direct and Circumstantial Evidence

    j.  Credibility of Witnesses

    k.  Jury's Recollection Controls

    l.  Interest in Outcome

    m.  Right to See Exhibits and Have Testimony Read During Deliberations

    n.  Punishment Is Not to Be Considered by the Jury

    o.  Verdict of Guilt or Innocence Must be Unanimous

    p.  Duties of the Foreperson and Return of Verdict Form

## THE SUBSTANTIVE LAW

Now, let us turn to the substantive law that governs this case.

The defendant, Hugo Armando Carvajal Barrios, has been formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendant.

I will first summarize the offenses charged and then explain in detail the elements of the charged offenses.

There are four Counts, or "charges."

Count One charges the defendant with conspiring to distribute or possess with intent to distribute cocaine, knowing or intending to provide something of pecuniary value to a terrorist organization, specifically the *Fuerzas Armadas Revolucionarias de Colombia*, or in English, the Revolutionary Armed Forces of Colombia (also known as the FARC).

Count Two charges the defendant with conspiring to violate the narcotics laws of the United States by entering into an agreement to engage in one or more of the following types of conduct: (i) importing cocaine into the United States; (ii) manufacturing or distributing cocaine, knowing or intending that it would be imported into the United States; and (iii) possessing cocaine with intent to distribute, or manufacturing or distributing cocaine, on board an aircraft registered in the United States.

Count Three charges the defendant with using or carrying machineguns or destructive devices, or aiding and abetting the use or carrying of machineguns or destructive devices, during and in relation to the drug trafficking crimes charged in Counts One and Two of the Indictment.

Count Four charges the defendant with conspiring to use and carry machineguns or destructive devices in connection with, and to possess machineguns or destructive devices in furtherance of, the drug trafficking crimes charged in Counts One or Two of the Indictment.

That is a summary of the four Counts against the defendant, Hugo Armando Carvajal Barrios. The defendant has entered a plea of not guilty and is presumed innocent of all Counts.

You must consider each Count separately and determine whether the Government has carried its burden of proof with respect to that Count. In order for you to convict the defendant of a Count, it is necessary for you to find that the Government has proven each and every element of that specific Count beyond a reasonable doubt. I am now going to discuss the Counts of the Indictment in order.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8.

## I.       Count One – Narcoterrorism Conspiracy

### A.       Count One: Overview

So let me turn now to Count One. Count One charges that from at least in or about 1999, up to and including in or about 2014, the defendant participated in a conspiracy to distribute or possess with intent to distribute five kilograms or more of cocaine, knowing or intending to provide something of pecuniary value to an organization that has engaged in or engages in terrorist activity or terrorism, specifically the FARC.

### B.       Count One: Elements

To sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

<u>First</u>: that the conspiracy charged in Count One existed. In other words, the Government

must prove that there was, in fact, an agreement or understanding between two or more people to distribute cocaine, or possess with the intent to distribute cocaine, knowing or intending to provide something of pecuniary value to the FARC. Therefore, the first question for you on Count One is: Did the conspiracy alleged in Count One of the Indictment exist?

Second: that the defendant knowingly and intentionally became a member of the conspiracy charged in Count One of the Indictment. That is, the Government must prove that the defendant unlawfully, knowingly, and intentionally associated himself with the conspiracy, and participated in the conspiracy charged in Count One of the Indictment.

Now let us separately consider the two elements. First, the existence of the conspiracy; and second, whether the defendant knowingly and intentionally associated himself with, and participated in, the conspiracy.

> Adapted from the Hon. Jed S. Rakoff, Jury Charge, *United States v. Garavito-Garcia*, 12 Cr. 839 (JSR) (S.D.N.Y. 2015); Sand, *Modern Federal Jury Instructions*, Instr. 56-59.

### C.    Count One: First Element—Existence of a Conspiracy

Starting with the first element, what is a conspiracy? A conspiracy is an agreement or an understanding, between two or more people, to accomplish by joint action a criminal or unlawful purpose.

The essence of conspiracy is an unlawful agreement to violate the law. The success or failure of a conspiracy is not material to the question of guilt or lack of guilt of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy. The crime of conspiracy is complete once the defendant enters into the unlawful agreement.

Please bear in mind that the actual commission of the objective of the conspiracy is not an element of the crime of conspiracy. Thus, you need not find that the conspirators actually distributed cocaine or possessed with the intent to distribute cocaine or provided something of pecuniary value to the FARC, but only that they agreed to distribute or possess with intent to distribute at least five kilograms or more of cocaine, knowing or intending to thereby provide something of pecuniary value to the FARC.

To establish the existence of a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law, and setting forth details of the plans and the means by which the unlawful project is to be carried out, or the part to be played by each conspirator. Indeed, it would be extraordinary if there were such a formal document or specific agreement. The adage "actions speak louder than words" is applicable here.

When people undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing, nor do they publicly broadcast their plans. Express language or specific words are not required to indicate assent or attachment to a conspiracy. From its very nature, a conspiracy is almost invariably characterized by secrecy, which makes detection difficult.

You need only find that the defendant entered into the unlawful agreement alleged in the Indictment with one or more other persons in order to find that a conspiracy existed.

If, upon consideration of all the evidence, direct and circumstantial, you find beyond a reasonable doubt that two or more persons had a meeting of the minds—that is, they agreed to work together in furtherance of the unlawful scheme—then proof of the existence of the conspiracy is established.

### ***The Object of the Conspiracy***

The object of a conspiracy is the illegal goal that the co-conspirators agree or hope to achieve.

The conspiracy charged in Count One of the Indictment had one object: to distribute or possess with the intent to distribute five kilograms or more of cocaine, knowing or intending to provide something of pecuniary value to the FARC. The elements of the offense of distributing narcotics, knowing or intending to provide something of pecuniary value to the FARC, which the Government must establish beyond a reasonable doubt, are as follows:

First: that the defendant distributed, or possessed with intent to distribute, a controlled substance.

Second: that the defendant did so with the intent to directly or indirectly provide something of pecuniary value to the FARC, knowing that the FARC was or had been engaged in terrorism or terrorist activities.

Third: that one of the jurisdictional requirements, which I will explain shortly, is satisfied.

### ***"Controlled Substance" Defined***

With respect to the term "controlled substance," I instruct you that cocaine is a controlled substance.

But the purity of the narcotics involved is not an element of the crime charged, so you need not be concerned with that. I also instruct you that the defendant need not know the exact nature of the drug. Also, in considering whether a conspiracy existed, you need not consider whether the Government has proved that a particular quantity of a controlled substance was involved in the charged conspiracy.

### ***"Distribute"***

7

The word "distribute" means the actual, constructive or attempted transfer of a controlled substance. To distribute simply means to deliver, to pass on, to hand over something to another person, or to cause it to be delivered, passed on or handed over to another. Distribution does not require a sale, but includes sales.

### *"Possession with Intent to Distribute"*

What does "possession with intent to distribute" mean?

We begin with the concept of "possession." The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen. If you find that the defendant had the controlled substance on his person, therefore, you may find that he had possession of it. However, a person need not have actual, physical possession—that is, physical custody of an object—in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article. This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person who has actual physical custody. The person having control "possesses" the controlled substance because he has an effective working relationship with the people who have actual physical custody of the controlled substance and because he can direct the movement or transfer or disposition of the controlled substance. In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained. In this manner, for example, a business person may legally possess things that are

scattered throughout a number of stores or offices or installations around the country. More than one person can have control over the same narcotics. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If more than one person has possession of it, as I have defined possession for you, then possession is joint.

That is what is meant by "possession." In order to prove "possession with intent to distribute," the Government must prove beyond a reasonable doubt that it was a goal of the conspiracy to possess a controlled substance with a purpose to transfer it to another person. To "distribute" means the actual, constructive, or attempted transfer of a controlled substance. Distribution includes delivering, passing, or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person. Distribution does not require a sale.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States* v. *Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); the Hon. Jed S. Rakoff, Jury Charge, *United States* v. *Henareh*, 11 Cr. 93 (JSR) (S.D.N.Y. 2012); the Hon. Sidney H. Stein, Jury Charge, *United States* v. *Herbert,* 03 Cr. 211 (SHS) (S.D.N.Y. 2004), the Hon. John G. Koeltl, Jury Charge, *United States* v. *Alvarado-Matriller,* 94 Cr. 723 (JGK) (S.D.N.Y. 1995); *see also* Sand, *Modern Federal Jury Instructions*, Instrs. 19-3S; 19-4.
>
> On the elements of 21 U.S.C. § 960a, *see* Hon. Jed S. Rakoff, Jury Charge, *United States v. Manaf*, 18 Cr. 762 (JSR) (S.D.N.Y. 2024); Hon. Jed S. Rakoff, Jury Charge, *United States v. Garavito-Garcia*, 12 Cr. 839 (JSR) (S.D.N.Y. 2015); Sand, *Modern Federal Jury Instructions,* Instrs. 56-56, 56-57.
>
> On the instructions as to drug type and quantity, *see* the Hon. Jesse M. Furman, Jury Charge, *United States v. Blondet, et. al*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022); the Hon. P. Kevin Castel, Jury Charge, *United States v. Geovanny Fuentes-Ramirez*, 15 Cr. 379 (S.D.N.Y. 2021); the Hon. P. Kevin Castel, Jury Charge, *United States v. Juan Antonio Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2019); the Hon. Paul A. Crotty, Jury Charge, *United States v. Van Praagh*, 14 Cr. 189 (PAC)

(S.D.N.Y. 2014); the Hon. Paul A. Engelmayer, Jury Charge, *United States v. Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013); the Hon. Katherine B. Forrest, Jury Charge, *United States v. Del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012); the Hon. William H. Pauley III, Jury Charge, *United States v. Davis*, 06 Cr. 911 (WHP) (S.D.N.Y. 2010); the Hon. Gerard E. Lynch, Jury Charge, *United States v. Martinez*, S5 08 Cr. 792 (GEL) (S.D.N.Y. 2009).

On the definition of distribution, *see* the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); 21 U.S.C. §§ 802(11) and 802(15).

On the definition of possession with intent to distribute, *see* the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Nicolas Epskamp*, S1 12 Cr. 120 (RJS) (S.D.N.Y. 2015).

### *"Providing Pecuniary Value to a Terrorist Organization" Defined*

Here, the parties have stipulated that the FARC has been publicly designated as a terrorist organization by the United States Government for the time period charged in the Indictment. But the Government must still prove beyond a reasonable doubt that when the defendant participated in the charged conspiracy to distribute, or possess with intent to distribute, a controlled substance, the defendant did so for the purpose of providing something of pecuniary value to the FARC, knowing or believing that the FARC was engaged in terrorist activity or terrorism.

"Terrorist activity" includes:

1.  Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do or abstain from doing some act;

2.  Use of any explosive, firearm, or other weapon or dangerous device, other than for mere personal monetary gain and with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property;

3.  Assassination; or

4.  A threat, attempt, or conspiracy to do any of the foregoing.

"Terrorism" means premeditated, politically motivated violence perpetrated against non-combatant targets by sub-national groups or clandestine agents.

"Something of pecuniary value" means something of monetary or economic value, which can include money, drugs, or weapons.

> Adapted from the Hon. Jed S. Rakoff, Jury Charge, *United States v. Manaf*, 18 Cr. 762 (JSR) (S.D.N.Y. 2024); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Jed S. Rakoff, Jury Charge, *United States v. Garavito-Garcia*, 12 Cr. 839 (JSR) (S.D.N.Y. 2015); Sand, *Modern Federal Jury Instructions*, Instrs. 56-58, 56-60; 21 U.S.C. § 960a; 18 U.S.C. § 1958(b)(1) (defining "anything of pecuniary value); 8 U.S.C. § 1182(a)(3)(B) (defining "terrorist activity"); 22 U.S.C. § 2656f(d)(2) (defining "terrorism").

### ***Jurisdictional Element of Narcoterrorism Conspiracy***

For the purposes of the conspiracy charged in Count One, the Government must also prove beyond a reasonable doubt that one of the following jurisdictional requirements has been satisfied:

First: that after the conduct required for the offense occurs, an offender is brought into or found in the United States, even if the conduct required for the offense occurs outside the United States;

Second: that the prohibited drug activity or the terrorist offense is in violation of the criminal laws of the United States; or

Third: that the offense, the prohibited drug activity, or the terrorist offense occurs in or affects interstate or foreign commerce.

The term "interstate or foreign commerce" includes the movement of goods, services, money and individuals between any combination of states, territories or possessions of the United States, or between the United States and a foreign country. The Government must prove that the

11

offense, the prohibited drug activity, or the terrorist offense could have a potential effect on interstate or foreign commerce in any way, no matter how minimal. It is not necessary to prove that the defendant's particular acts affected interstate or foreign commerce as long as the offense as a whole could have had such a potential effect. Finally, the Government is not required to prove that the defendant knew that he was affecting or could potentially affect interstate or foreign commerce.

To find that the Government has met its burden on this element, you must unanimously agree that one (or more) of the jurisdictional requirements is satisfied.

> *See* 21 U.S.C. § 960a(b) (setting out jurisdictional elements); Sand, *Modern Federal Jury Instructions*, Instr. 52-5, 52-30 (definition of "interstate and foreign commerce" for RICO offenses); *see also* the Hon Paul G. Gardephe, Jury Charge, *United States v. Saab*, 19 Cr. 676 (S.D.N.Y. 2022), and the Hon. Edgardo Ramos, Jury Charge, *United States v. El Gammal*, 15 Cr. 588 (ER) (S.D.N.Y. 2017).

### D.    Count One: Second Element—Membership in the Conspiracy

Let me now turn to the second element of Count One.

If you conclude that the Government has proven beyond a reasonable doubt the existence of the conspiracy charged in Count One, then you must next determine whether the defendant participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy charged in Count One with a criminal intent—that is, with a purpose to violate the law—and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective or objectives.

### *"Knowingly" and "Intentionally" Defined*

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely.

That is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, mere negligence, or some other innocent reason. The fact that the acts of the defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you evidence of certain acts, conduct, and conversations. The Government contends that these acts, conduct, and conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy. By pleading not guilty, the defendant denies that he committed the charged offense. It is for you to determine whether the Government has proven, beyond a reasonable doubt, the knowledge and intent of the defendant.

It is not necessary for the Government to show that the defendant was fully aware of every detail of the conspiracy, or that the defendant knew every other member of the conspiracy. The defendant may know only one other member of that conspiracy and still be a co-conspirator. It also is not necessary for the defendant to receive any monetary benefit from his participation in that conspiracy, or to have a financial stake in the outcome. It is enough if he participated in that conspiracy intentionally and knowingly.

The duration and extent of the defendant's participation in the conspiracy charged in Count One has no bearing on the issue of the defendant's guilt. The defendant need not have joined the conspiracy at the outset. He may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during that conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts. Some conspirators play major roles, while others play minor roles. An equal role is not what

the law requires. Even a single act may be sufficient to draw the defendant within the scope of the conspiracy.

However, a person's mere presence at the scene of a crime does not, by itself, make him a member of the conspiracy. Similarly, a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy exists. What is necessary is that the defendant participate in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective or objectives.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

### *"Unlawfully" Defined*

"Unlawfully," means contrary to law. But in terms of its application to the defendant's state of mind, the Government is not required to show that the defendant knew that he was breaking any particular law. The Government must prove, however, that the defendant was aware of the generally unlawful nature of his acts.

If you find beyond a reasonable doubt that the defendant participated in the charged conspiracy and did so unlawfully, intentionally, and knowingly, then the second element is satisfied.

Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); ); the Hon. Vernon S. Broderick, Jury Charge, *United States* v. *Orense*, 21 Cr. 379 (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC)

(S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); the Hon. Jed S. Rakoff, Jury Charge, *United States* v. *Henareh*, 11 Cr. 93 (JSR) (S.D.N.Y. 2012); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Van Praagh, et ano.*, 14 Cr. 189 (PAC) (S.D.N.Y. 2014) and Jury Charge, *United States* v. *Lopez Jr., et al.*, 10 Cr. 798 (PAC) (S.D.N.Y. 2011); the Hon. Paul A. Engelmayer, Jury Charge, *United States* v. *Fernandez*, 13 Cr. 20 (S.D.N.Y. 2013); and the Hon. Colleen McMahon, Jury Charge, *United States* v. *Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. 2010); Sand, *Modern Federal Jury Instructions*, Instrs. 19-6, 56-18.

## E. Count One: Special Interrogatory on Drug Type and Quantity

If, but only if, you find the defendant guilty of Count One, you must then determine the type of controlled substance involved in the conspiracy and its weight. You will be provided with a verdict form that will include spaces for you to indicate your determination as to drug type and quantity. As I have previously explained, the Government has alleged that cocaine was the controlled substance involved in the conspiracy charged in Count One, and I've just instructed you as a matter of law that cocaine is a "controlled substance."

You need not determine the precise quantity of cocaine. Instead, if you reach the question of quantity, indicate on the verdict form whether the Government has established beyond a reasonable doubt that the conspiracy involved five kilograms or more of mixtures or substances containing a detectable amount of cocaine. Your finding on quantity must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate. Only if you all agree that the conspiracy involved five kilograms or more of cocaine should you mark that finding on the verdict form.

### *Defendant's Involvement*

In making your determination about quantity, you should include whatever quantity of cocaine was involved in any act or acts in which the defendant personally and directly participated.

If you find that the defendant personally or directly participated in a jointly undertaken

drug transaction, he is responsible for the full quantity of the drugs involved in that transaction.

In addition, in making your determination about quantity, you should also include any other quantity of cocaine involved so long as that quantity was either known to the defendant or reasonably foreseeable to him, and within the scope of the conspiracy. Reasonably foreseeable means that the defendant could have reasonably anticipated the type and quantity of drugs involved in the conspiracy.

Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2024); the Hon. Vernon S. Broderick, Jury Charge, *United States* v. *Orense*, 21 Cr. 379 (S.D.N.Y. 2023).

## II.     Count Two – Cocaine Importation Conspiracy

### A.     Count Two: Overview

Count Two charges that from at least in or about 1999 up to and including in or about 2019, the defendant conspired to violate the narcotics laws of the United States by entering into an agreement to engage in one or more of the following types of conduct: (i) importing cocaine into the United States; (ii) manufacturing or distributing cocaine, knowing or intending that it would be imported into the United States; and (iii) possessing cocaine with intent to distribute, or manufacturing or distributing cocaine, on board an aircraft registered in the United States.

### B.     Count Two: Elements

To sustain its burden of proof with respect to the charge of conspiracy contained in Count Two of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First: that the conspiracy charged in Count Two existed. In other words, that from at least in or about 1999 up to and including in or about 2019, there was an agreement or understanding between two or more persons to engage in one or more of three different objects, which I will

discuss in a moment.

Second: that the defendant knowingly and intentionally associated himself with, and joined in, the conspiracy.

### C.    Count Two: First Element—Existence of a Conspiracy

***The Objects of the Conspiracy***

As I previously instructed you, the object of a conspiracy is the illegal goal (or goals) that the co-conspirators agree or hope to achieve. You should apply my general instructions regarding conspiracy to this count, as well.

There are three objects in the conspiracy charged in Count Two:  (i) the importation of a controlled substance from a place outside the United States into the United States; (ii) the manufacture or distribution of a controlled substance, with the knowledge or intent that some of the controlled substance would be unlawfully imported into the United States; or (iii) the possession of a controlled substance with intent to distribute, or the manufacturing or distribution of a controlled substance, on board an aircraft registered in the United States.

The Government does not have to prove all three objects charged. Rather, proof beyond a reasonable doubt of an agreement to accomplish any one of the three objects of the alleged conspiracy is sufficient. You must be unanimous as to which object you find the defendant guilty. That is, you must all be in agreement with respect to at least one of the alleged objects of the conspiracy charged in Count Two.

With respect to the second object—the distribution or manufacture of a controlled substance with the intent or knowledge that some of the controlled substance would be imported into the United States—it is not necessary for the Government to prove that the conspiracy had as its object both the distribution and the manufacture of a controlled substance.  It is sufficient if you

17

find that the conspiracy was aimed at <u>either</u> the manufacture <u>or</u> the distribution of a controlled substance, with the intent or knowledge that some of it would later be imported into the United States. Here too, you must be unanimous as to which of these objectives—manufacture or distribution, or both—the conspiracy had.

With respect to the third object—the manufacture or distribution, or the possession with intent to distribute a controlled substance on board an aircraft registered in the United States—it is not necessary for the Government to prove that the conspiracy had as its object the manufacture <u>and</u> distribution of a controlled substance, as well as the possession of a controlled substance with intent to distribute. It is sufficient if you find that the conspiracy was aimed at any one of those objectives on board an aircraft registered in the United States. Here too, you must be unanimous as to which of these objectives—manufacture, distribution, or possession with intent to distribute, or all three—the conspiracy had.

As before, I instruct you that cocaine is a controlled substance. But the purity of the narcotics involved is not an element of the crime charged, so you need not be concerned with that. I also instruct you that the defendant need not know the exact nature of the drug. Also, in considering whether a conspiracy existed, you need not consider whether the Government has proved that a particular quantity of a controlled substance was involved in the charged conspiracy.

Now, let me define the terms "import," "distribute," "manufacture," and "on board an aircraft registered in the United States," with respect to the objects charged in Count Two.

### ***"Import"***

The term "import" has its common, everyday meaning – namely, to "bring" or "introduce" something into an area of the United States. To "import" a substance means to bring or transport a substance into the United States from some place outside the United States.

It is not necessary for you to find that the defendant or any co-conspirator actually carried, or agreed to actually carry, a controlled substance into the United States. Nor must you conclude that others in the conspiracy ultimately succeeded in actually bringing the controlled substance into the country.

### *"Distribute"*

As I have previously instructed you, the word "distribute" means the actual, constructive or attempted transfer of a controlled substance. To distribute simply means to deliver, to pass on, to hand over something to another person, or to cause it to be delivered, passed on or handed over to another. Distribution does not require a sale, but includes sales.

### *"Possession With Intent to Distribute"*

Additionally, and as I have also previously instructed you, in order to prove "possession with intent to distribute," the Government must prove beyond a reasonable doubt that it was a goal of the conspiracy to possess a controlled substance with a purpose to transfer it to another person. My previous instructions on the definition of "possession" apply equally here as well.

### *"Manufacture"*

To "manufacture" a controlled substance means to produce, prepare, or process, in this context, a controlled substance, or to engage or participate in a process that results in the production of the controlled substance.

Again, with respect to Count Two, since the defendant is charged with conspiring to manufacture or distribute a controlled substance, it is not necessary for you to find that the defendant actually manufactured or distributed a controlled substance. Nor must you conclude that others in the conspiracy actually manufactured or distributed anything. You need only find that the defendant and others knowingly agreed to manufacture or distribute a controlled substance.

### *"On board an aircraft registered in the United States"*

I also instruct you that the defendant need not know that the narcotics would be or were possessed on board an aircraft that was registered in the United States. If the Government proves that an aircraft used or intended to be used in the conspiracy was registered in the United States, that is enough as to that object.

The Government need prove only one object of the conspiracy. The Government need not prove all three. You must be unanimous, however, as to which act, if any, was proven beyond a reasonable doubt to have been the object of the conspiracy.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); the Hon. Jed S. Rakoff, Jury Charge, *United States* v. *Henareh*, 11 Cr. 93 (JSR) (S.D.N.Y. 2012); the Hon. Sidney H. Stein, Jury Charge, *United States* v. *Herbert*, 03 Cr. 211 (SHS) (S.D.N.Y. 2004), the Hon. John G. Koeltl, Jury Charge, *United States* v. *Alvarado-Matriller,* 94 Cr. 723 (JGK) (S.D.N.Y. 1995); *see also* Sand, *Modern Federal Jury Instructions*, Instrs. 19-3S; 19-4.

> On the definition of importation, *see* the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); 21 U.S.C. § 951(a)(1); *see also United States* v. *Romero*, 904 F.3d 238 242-43 (2d Cir. 2018) (holding that defendant participated in the importation of cocaine, for purposes of the Guidelines, by "participat[ing] directly in transporting hundreds of kilograms of cocaine from South America through Honduras for Mexican drug cartels to smuggle into the United States"); *United States* v. *Franchi-Forlando,* 838 F.2d 585, 587 (1st Cir. 1988) (in-transit passenger, whose flight from Colombia to Spain made scheduled stopover in U.S., was guilty of importation of narcotics in violation of 21 U.S.C. § 952(a)); *United States* v. *Mejia-Lozano,* 829 F.2d 268, 271 (1st Cir. 1987) (same); *United States* v. *McKenzie,* 818 F.2d 115, 120 (1st Cir. 1987) (there is no "in-transit" exception to Section 952(a); "We decline to immunize international travelers who choose to pass through this country, however briefly."); *United States* v. *Pentapati,* 484 F.2d 450, 451 (5th Cir. 1973) ("Defendant's allegation of his intention to depart the United States immediately, even if incontrovertibly established, is of no consequence. The statute looks to the fact of bringing a controlled substance within the territorial

jurisdiction of the United States, and not to the alleged importer's subsequent plans.").

On the definitions of distribution and manufacture, *see* the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); 21 U.S.C. §§ 802(11) and 802(15).

On the definitions of possession with intent to distribute and on board an aircraft registered in the United States, *see* the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Nicolas Epskamp*, S1 12 Cr. 120 (RJS) (S.D.N.Y. 2015); *see also United States* v. *Epskamp*, 832 F.3d 154, 167 (2d Cir. 2016) ("We . . . conclude both that the District Court's instructions appropriately reflected the law and that, accordingly, the government was not required to adduce evidence of Epskamp's knowledge concerning the aircraft's [U.S.] registration."); Sand, *Modern Federal Jury Instructions*, Instrs. 56-5, 56-7, 56-12, 56-13.

## D.    Count Two: Second Element—Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt the existence of the conspiracy charged in Count Two, then you must next determine whether the defendant participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective or objectives.

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy charged in Count Two with a criminal intent—that is, with a purpose to violate the law—and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective or objectives.

I have previously instructed you on the definitions of "knowingly" and "intentionally," and you should apply those definitions here. With respect to Count Two, I also instruct you that it is not necessary for the defendant to have been the owner of, or responsible for, the controlled substance that was intended to cross the United States border. Other individuals or organizations may be the owners of or responsible for the narcotics intended to cross the border, but the defendant may nonetheless be guilty of conspiring to distribute or manufacture the narcotics with the

knowledge or intent that they be imported, if the Government proves the elements of Count Two as I am explaining them to you.

> Adapted from the Hon. Alvin K. Hellerstein in *United States v. Hwang et al.*, 22 Cr. 240 (AKH) (S.D.N.Y. 2023); Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Gregory H. Woods, Jury Charge, *United States* v. *Russell*, 16 Cr. 396 (GHW) (S.D.N.Y. 2018); *see also United States* v. *Mastropieri*, 685 F.2d 776, 786-90 (2d Cir. 1982) (juries need not be invited to reconsider the admissibility of co-conspirator hearsay).

### E.    Count Two: Special Interrogatory on Drug Type and Quantity

If, and only if, you find that the Government has proved beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy charged in Count Two, you must then determine the type of controlled substance involved in the conspiracy and its weight.

You will be provided with a verdict form that will include spaces for you to indicate your determinations as to drug type and quantity.

### *Drug Type*

The Government has alleged that cocaine was the controlled substance involved in the conspiracy charged in Count Two. I instruct you as a matter of law that cocaine is a "controlled substance" as I previously defined for you. The Government need not prove the purity of the cocaine—any mixture or substance containing a detectable amount of cocaine is sufficient.

### *Drug Quantity*

Again, you need not determine the precise quantity of cocaine. Instead, if you reach the question of quantity, indicate on the verdict form whether the Government has established beyond a reasonable doubt that the conspiracy involved five kilograms or more of mixtures or substances containing a detectable amount of cocaine. Your finding on quantity must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate.

Only if you all agree that the conspiracy involved five kilograms or more of cocaine should you mark that finding on the verdict form.

### *Defendant's Involvement*

In making your determination about quantity, you should include whatever quantity of cocaine was involved in any act or acts in which the defendant personally and directly participated.

If you find that the defendant personally or directly participated in a jointly undertaken drug transaction, he is responsible for the full quantity of the drugs involved in that transaction.

In addition, in making your determination about quantity, you should also include any other quantity of cocaine involved so as long as that quantity was either known to the defendant or reasonably foreseeable to him, and within the scope of the conspiracy. Reasonably foreseeable means that the defendant could have reasonably anticipated the type and quantity of drugs involved in the conspiracy.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2024); the Hon. Vernon S. Broderick, Jury Charge, *United States* v. *Orense*, 21 Cr. 379 (S.D.N.Y. 2023).

## III.    **Count Three – Possession of Machineguns or Destructive Devices**

### A.    **Count Three: Overview**

Count Three charges the defendant with using and carrying machineguns or destructive devices in connection with, as well as aiding and abetting the possession of machineguns or destructive devices in connection with, the drug trafficking crimes charged in Counts One or Two of the Indictment.

Specifically, Count Three charges that from at least in or about 1999, up to and including in or about 2019, the defendant, during and in relation to the drug trafficking crimes charged in Counts One or Two, knowingly used and carried firearms in furtherance of the conspiracy. Count

Three also charges the defendant with aiding and abetting the use, carrying and possession of those firearms, specifically including machineguns that were capable of automatically shooting more than one shot without manual reloading by a single function of the trigger, as well as destructive devices.

**B.    Count Three: Elements**

In order to convict the defendant of Count Three, the Government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant committed the drug-trafficking crimes charged in either or both of Counts One and Two of the Indictment. Therefore, if you conclude that the defendant's guilt has been proven beyond a reasonable doubt as to either or both of Counts One and Two, then this element has been satisfied. If the Government has not met its burden as to either Counts One or Two, this element has not been satisfied.

<u>Second</u>, that the defendant knowingly used or carried a firearm during and in relation to the drug-trafficking crimes charged in either or both of Counts One and Two, or possessed a firearm in furtherance of the drug-trafficking crimes charged in either or both of Counts One and Two, or aided and abetted another in such use, carrying, or possession of a firearm.

Let me define a few terms that relate to the second element of Count Three.

***<u>"Use"</u>***

In order to prove that the defendant used machineguns or destructive devices, the Government must prove beyond a reasonable doubt an active employment of a machinegun or a destructive device by the defendant during and in relation to the commission of a drug-trafficking crime.

This does not mean that the defendant must actually fire or attempt to fire the machinegun

24

or destructive device, although those would obviously constitute use of the machinegun or destructive device. Brandishing, displaying, or even referring to the machinegun or destructive device so that others present know that the defendant has the machinegun or destructive device available, if needed, all constitute use of a machinegun or destructive device. The mere possession of a machinegun or destructive device at or near the site of the crime without active employment as I just described is not, however, sufficient to constitute use of a machinegun or destructive device.

### *"Carry"*

In order to prove that the defendant carried a machinegun or a destructive device, the Government must prove beyond a reasonable doubt that the defendant had a machinegun or a destructive device within his control so that it was available in such a way that it furthered the commission of the crime. The defendant need not have held a machinegun or a destructive device physically, that is, have had actual possession of it on his person.

If you find that the defendant had dominion and control over the place where a machinegun or a destructive device was located, and had the power and intention to exercise control over that machinegun or destructive device, and that the machinegun or destructive device was immediately available to him in such a way that it furthered the commission of the drug-trafficking crimes charged in Count One or Two, you may find that the Government has proven that the defendant carried the machinegun or destructive device.

### *"Possession"*

I have previously defined the word "possession," and those instructions apply equally here.

I will also add that possession of a machinegun or a destructive device in furtherance of

a drug-trafficking crime requires that the defendant possessed a machinegun or a destructive device and that the possession advance or move forward the crime. The mere presence of a machinegun or a destructive device is not enough.  Possession in furtherance requires that the possession be incident to and an essential part of the crime. The machinegun or destructive device must have played some part in furthering the crime in order for this element to be satisfied.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2024); the Hon. Vernon S. Broderick, Jury Charge, *United States* v. *Orense*, 21 Cr. 379 (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Valerie E. Caproni, Jury Charge, *United States* v. *Felder, et ano.*, 14 Cr. 546 (VEC) (S.D.N.Y. 2016); the Hon. Robert P. Patterson, Jury Charge, *United States* v. *Smith*, S3 03 Cr. 184 (RPP) (S.D.N.Y. 2003); Sand, *Modern Federal Jury Instructions*, Instr. 35-87.

> *See also* the Hon. Gregory H. Woods, Jury Charge, *United States* v. *Russell*, 16 Cr. 396 (GHW) (S.D.N.Y. 2018); the Hon. Paul A. Crotty, *United States* v. *Rodriguez*, Jury Charge, 15 Cr. 756 (PAC) (S.D.N.Y. 2016); the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013); Sand, *Modern Federal Jury Instructions*, Instr. 35-72.  *See also United States* v. *Bryant*, 711 F.3d 364, 369 (2d Cir. 2013); *United States* v. *Farmer*, 1 F.3d 1234 (4th Cir. 1993).

### C.    Count Three: Aiding and Abetting

Before I move on, I want to instruct you on the concept of aiding and abetting. For Count Three, the defendant may be found guilty if he aided and abetted a third party who committed the crime. Aiding and abetting liability is its own theory of criminal liability.

Under the relevant federal statute, one way that the defendant may be found guilty of aiding and abetting a crime is if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime. Specifically, under the federal aiding-and-abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself.

Therefore, if you find that the Government has proven beyond a reasonable doubt that

another person actually committed a crime with which the defendant is charged, and that the defendant aided and abetted that person in the commission of the offense, then you may find the defendant guilty of that crime. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done—that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed, even when coupled with knowledge by the defendant that a crime is being committed, is not sufficient to make the defendant guilty as an aider and abettor. Such a defendant would only be guilty of the offenses as an aider or abettor if, in addition to knowing of the criminal activity, he actually took some action intending to help the crime succeed.

In considering this theory of liability, ask yourselves these questions:

- Did the defendant participate in the crime charged as something he wished to bring about?

- Did he associate himself with the criminal venture knowingly and willfully?

- Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.

Another way the defendant may be found guilty of aiding and abetting the criminal acts of

another is if the defendant intentionally caused another person to physically commit the crime. Specifically, the statute provides that whoever "willfully causes an act to be done which if directly performed by him or another" would be an offense, is punishable as a principal.

Thus, as to Count Three, if the defendant intentionally caused another to possess a machinegun or a destructive device during and in relation to, or in furtherance of, the drug-trafficking crimes charged in either or both of Counts One or Two, then the defendant is guilty of the crime charged in Count Three just as if he had physically committed the crime himself.

Finally, you may also find the defendant guilty of aiding and abetting the crime charged in Count Three if you find that he actively participated in the drug-trafficking crimes charged in Counts One or Two with advance knowledge that another participant in the crime would use or carry a machinegun or a destructive device during and in relation to, or possess a machinegun or a destructive device in furtherance of, that crime. Advance knowledge means knowledge at a time that the defendant can attempt to alter the plan or withdraw from it.

Knowledge of the machinegun or destructive device may, but does not have to, exist before the underlying crime is began. It is sufficient if the knowledge is gained in the middle of the underlying crime, so long as the defendant continues to participate in the crime and has a realistic opportunity to withdraw from it.  You may, but need not, infer that the defendant has sufficient foreknowledge if you find that the defendant continued his participation in the crime after learning about the use, carrying, or possession of a machinegun or a destructive device by a confederate.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2024); the Hon. Vernon S. Broderick, Jury Charge, *United States* v. *Orense*, 21 Cr. 379 (S.D.N.Y. 2023); the Hon. Alvin K. Hellerstein, Jury Charge, *United States v. Hwang et al.*, 22 Cr. 240 (AKH) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Ronnie Abrams, Jury Charge, *United States*

v. *Hunter, et al.*, 13 Cr. 521 (RA) (S.D.N.Y. 2018); the Hon. Gregory H. Woods, Jury Charge, *United States* v. *Russell*, 16 Cr. 396 (GHW) (S.D.N.Y. 2018); the Hon. Valerie E. Caproni, Jury Charge, *United States* v. *Felder, et ano.*, 14 Cr. 546 (VEC) (S.D.N.Y. 2016); Sand, *Modern Federal Jury Instructions*, Instr. 11-2, 11-3; *see also United States* v. *Gabriel*, 125 F.3d 89, 99 (2d Cir. 1997) ("Generally, to establish a conviction through the use of section 2(b), the government must prove that the defendant had the mental state necessary to violate the underlying criminal statute and that the defendant 'willfully caused' another to commit the necessary act."); *see also Rosemond* v. *United States*, 572 U.S. 65, 77-78 (2014) ("An active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun.  In such a case, the accomplice has decided to join in the criminal venture, and share in its benefits, with full awareness of its scope—that the plan calls not just for a drug sale, but for an armed one.").

### D.   Count Three: Special Interrogatory on Firearm Type

If, and only if, you find that the Government has proved beyond a reasonable doubt that the defendant is guilty of committing, or aiding and abetting the commission of, the firearms offense charged in Count Three, you must then determine whether the offense involved a "machinegun" or "destructive device." The verdict form will include spaces for you to indicate your determinations as to firearm type on Count Three.

#### *"Machinegun"*

A machinegun is "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger."

#### *"Destructive Device"*

The term destructive device includes any explosive bomb or grenade, and any type of weapon other than a shotgun or a shotgun shell that will expel a projectile by the action of an explosive or other propellant, and that has any barrel with a bore of more than one-half inch in diameter. A bore is the hollow interior of the barrel of a gun.

Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Hernandez*,

29

15 Cr. 379 (PKC) (S.D.N.Y. 2024); the Hon. Vernon S. Broderick, Jury Charge, *United States* v. *Orense*, 21 Cr. 379 (S.D.N.Y. 2023); 26 U.S.C. § 5845(b) (defining "machinegun"); 18 U.S.C. § 921(a)(4) (defining "destructive device").

**IV.    Count Four – Conspiracy to Possess Machineguns or Destructive Devices**

**A.    Count Four: Overview**

Count Four is also a conspiracy charge. It charges that from at least in or about 1999, up to and including in or about 2019, the defendant agreed with others to use and carry a firearm during and in relation to the drug trafficking crimes charged in Counts One or Two of the Indictment, or to possess a firearm in furtherance of the drug trafficking crimes charged in Counts One or Two.

Specifically, Count Four charges that from at least in or about 1999, up to and including in or about 2019, the defendant and others intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the federal laws prohibiting using or carrying firearms in furtherance of the drug trafficking crimes charged in Counts One or Two. The object of the conspiracy charged in Count Four is the knowing use and carrying of firearms, and the knowing possession of firearms, in furtherance of the drug trafficking crimes charged in Counts One or Two, including machineguns that were capable of automatically shooting more than one shot without manual reloading by a single function of the trigger, as well as destructive devices.

Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2024).

**B.    Count Four: Elements**

To sustain its burden of proof with respect to the charge of conspiracy contained in Count Four of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First: that the conspiracy charged in Count Four existed. In other words, that from at least

in or about 1999 up to and including in or about 2019, there was an agreement or understanding between two or more persons to engage in one or more of the following types of conduct: (i) to use or carry a firearm during and in relation to either or both of the drug trafficking crimes charged in Counts One or Two of the Indictment, or (ii) to possess a firearm in furtherance of either or both of the drug trafficking crimes charged in Counts One or Two of the Indictment.

Second: that the defendant knowingly and intentionally associated himself with, and joined in, the conspiracy.

I have already provided you instructions on what it means to use or carry a machinegun or a destructive device in relation to a drug-trafficking crime or to possess a machinegun or a destructive device in furtherance of that crime. I have also already instructed you on the law of conspiracy, and you should apply those instructions with respect to Count Four. All of those instructions apply equally here.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2024); the Hon. Vernon S. Broderick, Jury Charge, *United States* v. *Orense*, 21 Cr. 379 (S.D.N.Y. 2023).

### C.     Count Four: Special Interrogatory on Firearm Type

If, and only if, you find that the Government has proved beyond a reasonable doubt that the defendant is guilty of committing the firearms offense charged in Count Four, you must then determine whether the offense involved a "machinegun" or "destructive device."

I instructed you on the meaning of the terms "machinegun" and "destructive device" in connection with Count Three, and those instructions apply equally as to Count Four.

The verdict form will include spaces for you to indicate your determinations as to firearm type on Count Four.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2024); the Hon. Vernon S. Broderick, Jury Charge,

*United States* v. *Orense*, 21 Cr. 379 (S.D.N.Y. 2023).

**V.**     **Venue**

Congress has determined that certain acts begun or committed outside the territorial jurisdiction of the United States are chargeable under U.S. law. This applies to Counts One, Two, Three, and Four of the Indictment. Thus, as to Counts One, Two, Three, and Four, the Government need not prove that the crime was committed in this District or that the defendant himself was present here. Here, the parties have stipulated that venue is proper in the Southern District of New York as to all Counts in the Indictment.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Juan Antonio Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2019), Dkt. No. 115, Oct. 17, 2019 Tr. 1253.

**VI.**     **Variance in Dates**

The Indictment charges that the conspiracy charged in Count One existed from at least in or about 1999 up to and including in or about 2014. The Indictment charges that the conspiracies charged in Counts Two and Four existed from at least in or about 1999 up to and including in or about 2019. Similarly, Count Three of the Indictment charges that the defendant acted, or aided and abetted conduct, from at least in or about 1999 up to and including in or about 2019.

For any charge of conspiracy, such as Counts One, Two and Four, it is not essential that the Government prove that the conspiracy started and ended on the exact dates set forth in the Indictment. Indeed, it is sufficient if you find that in fact a conspiracy was formed and that it existed for some of the time within the period set forth in the Indictment.

Likewise, for any dates set forth in the Indictment, it does not matter if a specific event is alleged to have occurred in or about a certain date or year but the testimony indicates that in fact

it was a different date or year. The law requires only a substantial similarity between the dates

alleged in the Indictment and the dates established by the evidence.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Engelmayer, Jury Charge, *United States v. Angelo Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013); the Hon. Victor Marrero, Jury Charge, *United States v. Sierra*, 10 Cr. 416 (VM) (S.D.N.Y. 2012); Sand, *Modern Federal Jury Instructions*, Instr. 3-12; *see United States v. Heimann*, 705 F.2d 662, 666-67 (2d Cir. 1983).

## ADDITIONAL REQUESTED CHARGES

### I.    Law Enforcement or Government Witnesses

You have heard the testimony of law enforcement or other Government witnesses. The fact

that a witness may be employed as a law enforcement official or Government employee does not

mean that his or her testimony is necessarily deserving of more or less consideration or greater or

lesser weight than that of an ordinary witness. It is your decision, after reviewing all the evidence,

whether to accept the testimony of the law enforcement and other Government witnesses, and to

give that testimony whatever weight, if any, you find it deserves.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Gregory H. Woods, Jury Charge, *United States v. Russell*, 16 Cr. 396 (GHW) (S.D.N.Y. 2018).

### II.    Persons Not on Trial

Some of the people who may have been involved in events leading to this trial are not on

trial. There is no requirement that all members of a conspiracy be prosecuted or that all members

be tried together in the same proceeding.

You may not draw any inference, favorable or unfavorable, from the fact that any person

in addition to the defendant is not on trial here. You also may not speculate as to the reasons why

other people are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2024); Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Engelmayer, Jury Charge, *United States v. Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013).

## III.    Liability for Acts and Declarations of Co-Conspirators

Certain evidence was admitted during trial concerning acts and statements of others because such acts were committed and such statements were made by persons who, the Government claims, was also co-conspirators of the defendant. The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts or statements of all of the members of the conspiracy, and all of the members of the conspiracy are responsible for such acts or statements. This rule applies even though such acts or statements were not made or committed in the defendant's presence or were made or committed without his knowledge.

> Adapted from the Hon. Alvin K. Hellerstein in *United States v. Hwang et al.*, 22 Cr. 240 (AKH) (S.D.N.Y. 2023); Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Gregory H. Woods, Jury Charge, *United States* v. *Russell*, 16 Cr. 396 (GHW) (S.D.N.Y. 2018); *see also United States* v. *Mastropieri*, 685 F.2d 776, 786-90 (2d Cir. 1982) (juries need not be invited to reconsider the admissibility of co-conspirator hearsay).

## IV.    Ignore External Sources of Information

I instruct you that anything you may have seen or heard about this case outside the courtroom is not evidence and must be disregarded. Indeed, as I have instructed you throughout

this case, you may not read, view, or listen to any media or press report or internet or social media posting about this case or about the people or issues referred to during this trial. Your verdict must be based solely on the evidence or lack of evidence that came out in this Courtroom and the Court's instructions on the law.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Austin*, 23 Cr. 508 (PKC) (S.D.N.Y. 2024); the Hon. P. Kevin Castel, Jury Charge, *United States v. Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2024).

## V.    <u>Inferences</u>

During the trial you may have heard the attorneys use the term "inference" or "infer." In their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a logical factual conclusion that you might reasonably view from other facts that have been proven. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

There are occasions when particular established facts, whether proved circumstantially or directly, might yield an inference in one direction or in the opposite direction. The Government might ask you to draw one inference. The defendant may say, well, the same facts point in the opposite direction. You should draw the other inference. You are the ones who make up your mind about what, if any, inferences to draw, nobody else; not me, not the lawyers.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict him.

> Adapted from the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et al.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); the Hon. Lewis A. Kaplan, Jury Charge, *United States* v. *Abu Ghayth*, S13 98 Cr. 1023 (LAK) (S.D.N.Y 2014); Sand, *Modern Federal Jury Instructions*, Instr. 6-1.

## VI.   Uncalled Witnesses—Equally Available to Both Sides

There are people whose names you heard during the course of the trial but who did not appear to testify. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should draw no inferences or reach no conclusion as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

> Adapted from the Hon. Alvin K. Hellerstein, *United States v. Hwang et al.*, 22 Cr. 240 (AKH) (S.D.N.Y. 2023); Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); Sand, *Modern Federal Jury Instructions*, Instr. 6-7.

## VII.   Spanish Language Testimony

Multiple witnesses in this trial testified using the Spanish language. That testimony was translated for you by a court-certified interpreter.

The interpreters were here only to help us communicate during the proceedings. They are not parties in the case, have no interest in the case, and are completely neutral. Accordingly, please treat the interpretation of a witness's testimony as if the witness had spoken English and no

interpreter was present. Do not allow the fact that a witness's underlying testimony was given in Spanish, or that the interpreter assisted the defendant in translation, to influence you in any way.

Even if you speak Spanish, you are obligated under the law to accept as binding the translations of witness testimony provided to you by the court-certified interpreter.

> Adapted from the Hon. Jed S. Rakoff, Jury Charge, *United States v. Barakzai*, 18 Cr. 762 (JSR) (S.D.N.Y. 2024); the Hon. P. Kevin Castel, Jury Charge, *United States v. Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2024); the Hon. P. Kevin Castel, Jury Charge, *United States v. Stasiv*, S1 18 Cr. 259 (PKC) (S.D.N.Y. 2019).

## VIII.    <u>Redaction of Evidence [If Applicable]</u>

Among the exhibits in evidence, some documents are redacted. "Redacted" means that part of the document was covered. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been covered.

> Adapted from the Hon. Alvin K. Hellerstein, Jury Charge, *United States v. Castelle*, 18 Cr. 15 (AKH) (S.D.N.Y. 2019); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Nina, et al.*, 13 Cr. 322 (RJS) (S.D.N.Y. 2013).

## IX.    <u>Stipulations (Testimony) [If Applicable]</u>

In this case you heard evidence in the form of a stipulation of testimony. A stipulation of testimony is an agreement between the parties that, if a witness is called, the person would give certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Hernandez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2024); the Hon. Vernon S. Broderick, Jury Charge, *United States* v. *Orense*, 21 Cr. 379 (S.D.N.Y. 2023); the Hon. Alvin K. Hellerstein, Jury Charge, *United States v. Castelle*, 18 Cr. 15 (AKH); Sand, *Modern Federal Jury Instructions*, Instr. 5-7.

X.      **Stipulations (Fact) [If Applicable]**

In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true. The weight or importance of the fact is a matter for you, the jury, to decide.

> Adapted from the Hon. Vernon S. Broderick, Jury Charge, *United States v. Orense*, 21 Cr. 379 (S.D.N.Y. 2023); the Hon. Paul A. Engelmayer, Jury Charge, *United States v. Fernandez*, 13 Cr. 20 (S.D.N.Y. 2013); Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

XI.     **Cooperating Witness Testimony**

You have heard testimony from witnesses who testified that they were involved in certain crimes. Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit to participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such a cooperating witness. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

It is also the case that cooperating witness testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution. The fact that a witness is cooperating with the Government can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving truthful testimony.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account

the witness's demeanor and candor, the strength and accuracy of his recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether a cooperating witness—like any other witness called in this case—has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

I caution you that it is no concern of yours why the Government made an agreement with the witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether that person would benefit more by lying, or by telling the truth. Was the witness's testimony made up in any way because the witness believed or hoped that he or she would somehow receive favorable treatment by testifying falsely? Or did the witness believe that her or his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause the witness to lie, or was it one that would cause her or him to tell the truth? Did this motivation color the witness's testimony?

If you find that the testimony of the cooperating witness was false, you should reject it. However, if, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

Again, as with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept her or his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

In the same vein, you have heard testimony from Government witnesses who have pleaded guilty to charges arising out of the same or similar facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant from the fact that a prosecution witness pleaded guilty to similar charges. The decision of that witness to plead guilty was a personal decision that he or she made about her or his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here. That is a determination entirely for you.

> Adapted from the Hon. Vernon S. Broderick, Jury Charge, *United States* v. *Orense*, 21 Cr. 379 (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Lopez Jr., et al.*, 10 Cr. 798 (PAC) (S.D.N.Y. 2011); the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Nina*, et al., 13 Cr. 322 (RJS) (S.D.N.Y. 2013); Sand, *Modern Federal Jury Instructions*, Instrs. 7-5, 7-110; *see United States* v. *Ramirez*, 973 F.2d 102, 104-06 (2d Cir. 1992) (specifically approving charge and holding that it is reversible error not to give charge if requested, unless there is no significant prejudice to defendant).

## XII.    <u>Use of Evidence Obtained Pursuant to Search [If Applicable]</u>

You have heard testimony about evidence seized in connection with certain searches. Evidence obtained from these searches was properly admitted in this case and may be properly considered by you. Such searches were appropriate law enforcement actions.

You should not be concerned by whether you agree or disagree if there was reasonable cause for a warrant, or if there was not reasonable cause for a warrant, or why the warrant was not issued, or whether there should be warrants in the first place. All of that is not for you.

Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full

consideration along with all the other evidence in the case in determining whether the Government

has proved any defendant's guilt beyond a reasonable doubt.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Alvin K. Hellerstein, Jury Charge, *United States v. Castelle*, 18 Cr. 15 (AKH) (S.D.N.Y. 2019); the Hon. Paul A. Crotty, Jury Charge, *United States v. Lopez Jr., et al.*, 10 Cr. 798 (PAC) (S.D.N.Y. 2011); the Hon. Paul A. Engelmayer, Jury Charge, *United States v. Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013); the Hon. Vincent L. Briccetti, Jury Charge, *United States v. Wilson*, 10 Cr. 233 (VB) (S.D.N.Y. 2011).

## XIII.    <u>Use of Recordings, Transcripts, and Translations [If Applicable]</u>

Recordings of various foreign-language conversations and other foreign-language

materials have been admitted into evidence, and the transcripts of English-language translations

of those foreign-language recordings and materials have been admitted into evidence. I instruct

you that it is the English translation on those transcripts that is the evidence. Whether you approve

or disapprove of the recording or interception of those conversations or other materials may not

enter your deliberations. I instruct you that these recordings and materials were obtained in a lawful

manner, that no one's rights were violated, that the Government's use of this evidence is entirely

lawful, and that it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full

consideration along with all the other evidence in the case in determining whether the Government

has proved beyond a reasonable doubt the guilt of the defendant. Of course, it is for you to decide

what weight, if any, to give to this evidence.

If you wish to hear any of the recordings again, or see any of the English-language

transcripts of the foreign-language recordings or materials, they will be made available to you

during your deliberations.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Blondet, et. al*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022); the Hon. P. Kevin Castel, Jury Charge,

*United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Richard J. Sullivan, Jury Charge, *United States v. Phillips*, 13 Cr. 723 (RJS) (S.D.N.Y. 2014); the Hon. Paul A. Engelmayer, Jury Charge, *United States v. Martinez*, 13 Cr. 699 (PAE) (S.D.N.Y. 2014).

**XIV.      <u>Particular Investigative Techniques Not Required [If Applicable]</u>**

There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the law enforcement evidence introduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether, on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the Hon. Alvin K. Hellerstein, Jury Charge, *United States v. Javice et al.*, 23 Cr. 251 (AKH) (S.D.N.Y. 2025) and Jury Charge, *United States v. Hwang et al.*, 22 Cr. 240 (AKH) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Laura Taylor Swain, Jury Charge, *United States* v. *Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010); the Hon. Denise L. Cote, Jury Charge, *United States* v. *Morales*, 11 Cr. 29 (DLC) (S.D.N.Y. 2011).

**XV.      <u>Evidence of Other Wrongs or Acts [If Applicable]</u>**

You have heard evidence that on [a] certain occasion[s], the defendant engaged in conduct similar in nature to the conduct charged in the Indictment. Let me remind you that the defendant is only on trial for committing the acts alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

If you determine that the defendant committed the acts charged in the Indictment and the

similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Additionally, if you find that the defendant engaged in the similar acts, and if you find that the similar acts had sufficiently similar characteristics to those charged in the Indictment, then you may, but you need not, infer that the defendant was the person who committed the acts charged in the Indictment. You also may, but you need not, infer that the acts charged in the Indictment and the similar conduct were part of a common plan or scheme committed by the defendant.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues. You may not consider such evidence for any other purpose. Specifically, you may not consider it as evidence that the defendant is of a bad character or has a propensity to commit crime.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-25, 5-26; *see United States* v. *Brand*, 467 F.3d 179, 206 (2d Cir. 2006) (approving of Sand instruction on similar act evidence).

## XVI.    Preparation of Witnesses

You have heard evidence during the trial that witnesses may have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

There is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation. However, you can consider such meetings in preparation for testifying as impacting on the witness's credibility.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the Hon. Alvin K. Hellerstein, Jury Charge, *United States v. Molina Rodriguez*, 22 Cr. 632 (AKH) (S.D.N.Y. 2023); the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021).

## XVII.    <u>Expert Testimony [If Applicable]</u>

You have heard testimony from what we call expert witnesses. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in a specialized field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider the expert's qualifications, the opinion given, the witness's reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence before you. You should not, however, accept a witness's testimony merely because he or she is an expert in a field. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you, the jury.

> Adapted from the Hon. Alvin K. Hellerstein, Jury Charge, *United States v. Hwang et al.*, 22 Cr. 240 (AKH) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Colleen McMahon, Jury Charge, *United States* v. *Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. 2010).

XVIII.        **Charts and Summaries [If Applicable]**

The Government [and/or defense] has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-12.

XIX.        **Defendant's Testimony [If Applicable]**

A defendant in a criminal case does not have a duty to testify or come forward with any evidence. Under the U.S. Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

In this case, the defendant did testify and was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

*See United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (discussing appropriate charges when a defendant testifies).

XX.        **Defendant's Right Not to Testify [If Requested by the Defendant]**

Under our Constitution, the defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. Therefore, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against

the defendant may be drawn by you because he did not take the witness stand, and you may not

consider it against the defendant in any way in your deliberations in the jury room.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-21; *see* the Hon.
> Alvin K. Hellerstein, Jury Charge, *United States v. Javice et al.*, 23 Cr. 251 (AKH)
> (S.D.N.Y. 2025); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes
> Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Engelmayer, Jury
> Charge, *United States v. Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013).

## XXI.     __Character Witness [If Applicable]__

There has been testimony that the defendant [the Court is respectfully requested to describe

the testimony, such as, has a good reputation for honesty and integrity in the community]. This

testimony bears on the defendant's character.

Character testimony should be considered together with all the other evidence in the case

in determining the guilt or innocence of the defendant. Evidence of good character may in itself

create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.

But if on all the evidence, including the character evidence, you are satisfied beyond a

reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of

good character does not justify or excuse the offense, and you should not acquit the defendant

merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as

to the guilt or innocence of the defendant. The guilt or innocence of the defendant is for you alone

to determine and that should be based on all the evidence you have heard in the case.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-15; *see United
> States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (defendant not entitled
> to a charge that character evidence "standing alone" is enough for acquittal).

## XXII.     __False Exculpatory Statements [If Applicable]__

You have heard testimony that the defendant made certain statements outside the

courtroom in which the defendant claimed that his conduct was consistent with innocence and not with guilt. The Government claims that these statements, in which the defendant attempted to exonerate or exculpate himself, are false. If you find that the defendant gave a false statement in order to divert suspicion from himself, you may—but are not required to—infer that the defendant believed that he was guilty. Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his or her innocence. You may not, however, rely on this evidence alone to support a finding of guilt. Whether the defendant's statement does or does not point to consciousness of guilt and the significance, if any, to be attached to any such evidence are matters for you, the jury, to decide.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-11; *see also United States v. Strother*, 49 F.3d 869, 877 (2d Cir. 1995) (collecting cases).

## XXIII.    Improper Considerations: Race, Religion, National Origin, Sex, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. In reaching your decision as to whether the Government sustained its burden of proof, it would be improper for you to consider any personal feelings—positive or negative—you may have about the defendant's race, religion, national origin, sex, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex, or age of any of the witnesses involved in this case. The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the Hon. Alvin K. Hellerstein, Jury Charge, *United States v. Javice et al.*, 23 Cr. 251 (AKH) (S.D.N.Y. 2025); the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. Richard J. Sullivan, Jury Charge, *United States v. Bel*tran, 07 Cr. 804 (RJS) (S.D.N.Y. 2008).

## CONCLUSION

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open Court.

Date:   New York, New York
        June 3, 2025

                                        Respectfully submitted,

                                        JAY CLAYTON
                                        United States Attorney
                                        Southern District of New York

                            By:         _____/s/_____
                                        Nicholas S. Bradley
                                        Kaylan E. Lasky
                                        Kevin T. Sullivan
                                        Assistant United States Attorneys
                                        (212) 637-1581 / -2315 / -1587

Cc:     Robert Feitel, Esq. (via ECF)
        Sandi Rhee, Esq. (via ECF)