UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

HUGO ARMANDO CARVAJAL BARRIOS,
a/k/a "El Pollo,"

Defendant.

---

S1 11 Cr. 205 (AKH)

 

**THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

 

JAY CLAYTON
United States Attorney
Southern District of New York
26 Federal Plaza
New York, New York 10278

Nicholas S. Bradley
Kaylan E. Lasky
Kevin T. Sullivan
Assistant United States Attorneys
    *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>HUGO ARMANDO CARVAJAL BARRIOS,<br>a/k/a "El Pollo,"<br><br>Defendant. | S1 11 Cr. 205 (AKH) |

## THE GOVERNMENT'S PROPOSED EXAMINATION OF POTENTIAL JURORS

The Government respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

**A. The Charges**

1. This is a criminal case. The defendant, Hugo Armando Carvajal Barrios, has been charged in an Indictment filed by a grand jury sitting in this District with committing certain federal crimes.

2. The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove beyond a reasonable doubt. I would like to summarize the charges in this case briefly in order to determine whether there is anything about the nature of this case or the charges that may make it difficult or inappropriate for any of you to serve on the jury.

3. There are four separate charges or "Counts" contained in the Indictment. Count One of the Indictment charges the defendant with participating in what is called a conspiracy, or an agreement, to engage in narcoterrorism, meaning drug trafficking offenses committed while intending to provide something of monetary or economic value to an organization engaged in terrorism or terrorist activity. Count Two of the Indictment charges the defendant with participating in a conspiracy dto import at least five kilograms of cocaine into the United States. Count Three of the Indictment charges the defendant with using or carrying machineguns or destructive devices in connection with, or possessing machineguns or destructive devices in furtherance of, the drug trafficking crimes charged in Counts One and Two. And Count Four of the Indictment charges the defendant with participating in a conspiracy to use or carry machineguns or destructive devices in connection with, or possess machineguns or destructive devices in furtherance of, the drug trafficking crimes charged in Counts One and Two. At the end of the trial, I will provide you with more detailed instructions on all of the charges, including the differences between the completed offense and conspiracy counts in the Indictment.

4. Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described them? Have any of you read or heard anything about this case? If so, is there anything you have read or heard that would cause you to feel that you cannot decide the fact issues of this case fairly and impartially?

5. Do any of you feel that you have strong policy or other views on the crimes charged in the Indictment that would make it difficult for you to follow my instructions on the law and to base your verdict solely on the evidence in this case?

6. Do any of you have an opinion that any of the offenses charged in the Indictment, as I have summarized them for you, should not be a crime? Do any of you have any

opinion about the enforcement of federal criminal laws related to firearms, terrorism, or drugs that might prevent you from being fair and impartial in this case?

### B. General Questions

7. Do any of you have any difficulty in reading or understanding English in any degree?

8. Do any of you have any problems with your hearing or vision, or other medical problems, that would prevent you from giving full attention to all of the evidence at this trial?

9. Are any of you taking any medication that prevents you from giving full attention to all of the evidence at this trial?

10. I expect this trial to take approximately 4 weeks. Do any of you have any physical or personal problems that would prevent you from serving in this case for this length of time?

11. Do you speak, read, or understand Spanish? One or more of the witnesses in this trial will testify using the Spanish language. That testimony will be translated for you by a court-certified interpreter. Even if you speak Spanish, you are obligated under the law to accept as binding the translations of witness testimony provided to you by the court-certified interpreter. Would you be unwilling or unable to follow the Court's instruction on this subject?

12. Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

13. Have you, or has anyone close to you, ever studied or practiced law?

### C. Ability to Render a Fair Verdict

14. The charges in this case involve narcotics trafficking, terrorism, and firearms offenses. Is there anything about the nature of these charges that would cause you to be unable to render a fair and impartial verdict in this case?

15. Do you have any views regarding, or experience with, cocaine or the laws governing the sale or distribution of cocaine or other drugs that would hinder or prevent you from rendering a fair and impartial verdict?

16. Do any of you believe that it should not be a crime for a person to import, possess, or sell narcotics such as cocaine, or that the laws governing these crimes should not be enforced?

17. Do any of you have any opinion about the enforcement of the federal drug laws that might prevent you from being fair and impartial in this case?

18. Have any of you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to drugs? If so, when, and what did you or a member of your family do?

19. Have you or anyone you are close to ever been charged with a crime or been a witness to a crime involving illegal drugs?

20. Has anyone you are close to ever suffered from a drug addiction, overdosed, or died of a fatal overdose?

21. Do you have any views regarding, or experience with, firearms or the laws governing firearms that would hinder or prevent you from rendering a fair and impartial verdict?

22. Do any of you believe that the government should not limit a person's right to bear arms?

23. Have you ever owned a firearm? If so, for what reason? Has anyone in your family, or anyone you live with, ever owned a firearm? If so, for what reason?

24. Have any of you, or has any member of your family, ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to firearms or gun control? If so, when, and what did you or a member of your family do?

25. Have any of you ever supported or belonged to any organizations involved in such work?

26. Have you or anyone you are close to ever been charged with a crime or been a victim or witness of a crime involving firearms?

27. Does the fact that some of the charges involve allegations of conspiracy affect your ability to render a fair and impartial verdict?

28. Has any juror had any legal or paralegal training? Does any juror have any close friends or relatives who are lawyers or who have legal or paralegal training?

D. **Law Enforcement Witnesses**

29. Some of the witnesses in this case may include law enforcement agents and/or other government employees. Would any of you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement agent or employed by the Government?

E. **Accomplice Witnesses**

30. You may hear testimony in this case from an accomplice or cooperating witness, that is, a witness who at one time was involved in illegal activity, but who has admitted that he or she committed various crimes and may be testifying pursuant to an agreement with the Government. I will instruct you that the use of such accomplice witnesses is perfectly legal and is often a necessary law enforcement tool. Do any of you have any experience with or feelings about

5

the use of cooperating witnesses generally, or the use of evidence or information obtained from such witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from a cooperating witness?

### F. Knowledge of the Trial Participants

31. Do any of you know, or have any of you had any dealings, directly or indirectly, with Hugo Armando Carvajal Barrios, the defendant, or with any relative, friend, or associate of the defendant?

32. Do any of you have any relatives, friends, associates, or employers who know or have had any dealings with the defendant?

33. The Government is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York, who is Jay Clayton. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Nicholas Bradley, Kaylan Lasky, and Kevin Sullivan. They will be assisted by Sabrina Jim, a paralegal specialist in the United States Attorney's Office, and Drug Enforcement Administration, or DEA, Special Agents Michael Stanton and Sarah DevinePowell. Do any of you know Mr. Clayton, Mr. Bradley, Ms. Lasky, Mr. Sullivan, Ms. Jim, Special Agent Stanton, or Special Agent DevinePowell? Have you had any dealings either directly or indirectly with any of these individuals?

34. The defendant is represented by attorneys Robert Feitel and Sandi Rhee. They will be assisted by [*defense counsel to provide prior to trial*]. Do any of you know Mr. Feitel, or Ms. Rhee, [*anyone assisting defense counsel*], or have you had any dealings, either directly or indirectly, with them, including the law firms, Law Office of Robert Feitel, PLLC, or Law Office of Sandi S. Rhee?

35. Do you know any other prospective member of this jury?

**G. Relevant Witness and Locations**

36. Does any juror know or ever had any dealings, either directly or indirectly, with any of the following individuals who may be called as witnesses or whose names may come up during the trial:

[*To be provided prior to trial*]

37. I expect that you will hear that much, if not all, of the conduct at issue in this case occurred outside of the United States. United States law provides that persons engaged in conduct occurring outside the United States nevertheless may be prosecuted in United States courts for certain violations of American federal criminal law. Would it affect your ability to fairly and impartially render a verdict in this case if the evidence for the charged conduct includes conduct that took place outside of the United States?

38. Certain conduct at issue in this case took place at various locations, including the following:

[*To be provided prior to trial*]

Are any of you familiar with these general areas or these specific locations? What do you know about the area? Do you think that your familiarity with the area will affect your ability to render a fair verdict?

39. During the trial, I expect that you will hear evidence concerning actions taken by officials in the government of Venezuela. Does the fact that these charges involve allegations of misconduct by public officials in Venezuela affect your ability to render a fair and impartial verdict?

40. Do you have any knowledge or opinions about the country of Venezuela or its government that would impact your ability to be fair and impartial in this case?

### H. Relationship With Government

41. Do any of you know, or have any association—professional, business, or social, direct, or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York or the Drug Enforcement Administration (also known as the DEA)? Has any juror had any contact with any of those agencies? Is any member of your family employed by any federal department or agency, or any law enforcement agency, whether federal, state, or local?

42. Does any juror have any bias, prejudice, or other feelings for or against the United States Attorney's Office, the U.S. Department of Justice, the DEA, or any other law enforcement agency?

43. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States? Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

### I. Prior Jury Service

44. Have you ever, at any time, served as a member of a grand jury, whether federal, state, county, or city court?

45. Have you ever served as a juror in any court? If so, when and in what court did you serve and was it a civil or criminal case? Did the jury reach a verdict?

**J. Experience as a Witness, Defendant, or Crime Victim**

46. Have you or anyone you are close to ever been charged with a crime or been a victim or witness of a crime involving illegal drugs or firearms?

47. Have you or anyone with whom you are close ever been a victim, witness or a complainant in any prosecution, state or federal, or ever been arrested or charged with a crime?

**K. Function of the Court and Jury**

48. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. At the conclusion of this case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment. Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

49. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that any possible punishment—including mandatory minimum sentences and sentencing enhancements—must not enter into your deliberations as to whether the defendant is guilty or not guilty?

50. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and that only the evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty?

51. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Do any of you feel that even if the evidence established the defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

52. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

53. Would any of you be unable to follow the judge's instructions that the Government is not required to use any particular investigative technique in presenting evidence of a crime?

54. Some of the evidence admitted at trial may come from searches performed by law enforcement officers, including searches conducted during or in the course of arrests of individuals. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?

55. The defendant is charged with acting with others in committing some of the alleged crimes. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact. You also may not speculate as to the reason why other people are not on trial at this time. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

56. You may hear testimony in this case by expert witnesses. Let me advise you that the use of expert testimony is proper in the context of this case. Has any juror had any

experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a wholly fair and impartial verdict?

57. This trial may generate some media attention. If it does, will each of you follow my instruction that you should absolutely avoid reading, watching, or listening to media reports concerning the case—including coverage of the case in social media like Facebook and X (formerly Twitter)—until after this case is over? If not, please raise your hand.

### L. Other Biases

58. In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, do any of you have the slightest doubts in your own mind, for any reason whatsoever, that you will not be able to conscientiously, fairly, and impartially serve in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it would be explained to you?

### M. Juror's Background

59. The Government respectfully requests that the Court ask each juror to state the following information:

    a) the juror's family status;

    b) the juror's current town of residence or neighborhood if the juror resides in New York City;

    c) the juror's educational background, including whether the juror has ever studied or practiced law;

    d) whether the juror has served in the military;

    e) the juror's current occupation and length of employment with that employer;

    f) the same information with respect to the juror's spouse and any working children;

    g) any foreign countries visited in the last five years;

    h) the newspapers, magazines, and websites the juror reads and how often;

    i) the television programs the juror regularly watches; and

    j) the juror's hobbies or leisure-time activities and organizations.

Dated: New York, New York
       June 3, 2025

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

By:     /s/
Nicholas S. Bradley
Kaylan E. Lasky
Kevin T. Sullivan
Assistant United States Attorneys
212-637-1581 / -2315 / -1587

Cc:    Robert Feitel, Esq. (via ECF)
      Sandi Rhee, Esq. (via ECF)