

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 10, 2025

**BY ECF & EMAIL**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *United States v. Hugo Armando Carvajal Barrios*, S1 11 Cr. 205 (AKH)

Dear Judge Hellerstein:

The Government respectfully submits this letter in response to the defendant's June 3, 2025 motion *in limine* asking the court to "very carefully scrutinize any alleged out of court co-conspirator statements that the Government will seek to introduce" at trial and "set[ting] forth the legal requirements and methodology for analyzing the admissibility of out of court statements in furtherance of a conspiracy." (Dkt. 238 ("Defendant MIL" or "Def. MIL" at 1-2)). For the reasons set forth in the Government's June 3, 2025 motions *in limine* (Dkt. 241 ("Government MILs" or "Gov't MILs")), the Government respectfully submits that evidence of statements made by the defendant's co-conspirators is admissible under controlling Second Circuit authority and that the Government will meet its burden of demonstrating that these statements are admissible at trial.

As set forth in the Government MILs, evidence of statements by the defendant's co-conspirators, including certain members of the FARC, associated drug traffickers, and other Venezuelan officials is admissible under the hearsay rules, including under Rule 801(d)(2)(E).[1] (Gov't MILs at 37-65). These statements were made in furtherance of and about the conspiracy, the co-conspirators' joint efforts to protect themselves and their drug trafficking operations, including with the FARC, and their attempts to further the Cartel's goal of trafficking cocaine into the United States. (*See id.*). These statements, described in detail in the Government MILs, will be offered through the testimony of cooperating witnesses, including drug traffickers and former Venezuelan officials who conspired with the defendant, and Witness-1, a former Venezuelan military official, against whom the defendant retaliated for seeking to stop FARC activity. (*E.g., id.* at 42-45 (describing statements of former Venezuelan official, CW-1); *id.* at 45-50 (describing statements of FARC operative and cocaine trafficker, CW-2); *id.* at 63-65 (describing statements of Witness-1)).

Ample evidence at trial will demonstrate the existence of the conspiracy that the defendant joined, and that the proffered statements were made during the course and in furtherance of that conspiracy. (*See, e.g.*, Gov't MILs at 5-24, 43-44, 48-49, 53-54, 56-57, 59-62, 65). *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Abdullah*, 20 Cr. 677 (AT), 2024 WL

---

[1] Capitalized terms and abbreviations appearing herein are defined in the Government MILs.

Hon. Alvin K. Hellerstein                                                                                                                Page 2
June 10, 2025

4652476, at *1 (S.D.N.Y. Nov. 1, 2024) (citing *United States v. Tracy*, 12 F.3d 1186, 1199 (2d Cir. 1993)). As described in the Government MILs, the conspiracy here involves the facilitation and active movement of massive amounts of cocaine through Venezuela by the defendant and his co-conspirators—who included high-ranking military and government officials, drug traffickers, and FARC members. (*See* Gov't MILs at 5-24). Accordingly, "the 'in furtherance' requirement of Rule 801 (d)(2)(E) is satisfied" with respect to the proffered statements here because, for example, "a co-conspirator [wa]s apprised of the progress of the conspiracy, or . . . the statements [we]re designed to induce his assistance," *United States v. Paone*, 782 F.2d 386, 391 (2d Cir. 1986) (internal quotation marks omitted); *see also United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999); the statements "provide[d] reassurance, serve[d] to maintain trust and cohesiveness among them, or inform[d] each other of the current status of the conspiracy," *United States v. Simmons*, 923 F.2d 934, 945 (2d Cir. 1988); the statements "apprise[d] a coconspirator of the progress of the conspiracy," *United States v. Rahme*, 813 F.2d 31, 36 (2d Cir. 1987); or the statements were "designed to promote or facilitate achievement of the goals of that conspiracy," *United States v. Rivera*, 22 F.3d 430, 436 (2d Cir. 1994); *see also Abdullah*, 2024 WL 4652476, at *2. (*See also* Gov't MILs at 38-39).

       Should the defendant seek to supplement his motion *in limine*, as he suggests he might (Def. MIL at 4-5), the Government respectfully requests permission to respond to any such supplemental motion at the appropriate time.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:     /s/
Nicholas S. Bradley
Kaylan E. Lasky
Kevin T. Sullivan
Assistant United States Attorneys
(212) 637-1581 /- 2315 / -1587

Cc:    Robert Feitel, Esq. (by ECF & email)
        Sandi Rhee, Esq. (by ECF & email)