UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

UNITED STATES OF AMERICA

v.

                                              11 CR. 205 (AKH)

HUGO ARMANDO CARVAJAL-BARRIOS

        Defendant

---------------------------------------------------------------x

## DEFENDANT'S FIRST OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE RE: OPENING STATEMENT

### INTRODUCTION

The Government submitted an 82-page *Motion In Limine* in this case (DE 241), which seeks the introduction of huge swaths of evidence at the trial of this case. The defense intends to submit several oppositions that respond to discrete portions of the Government's motion. This Opposition asks the Court to preclude the Government from repeating the weaponized rhetoric of its *Motion In Limine* during its opening statement in this case. Prior to summation, the defense will again address this issue with the Court.

### LEGAL ANALYSIS

It is clear that the purpose of the prosecution's opening statement is to advise the jury of the facts the Government intends to introduce and not to argue its case. As Chief Justice Berger almost fifty years ago:

> An opening statement has a narrow purpose and scope. It is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate

1

parts of the evidence and testimony to the whole; it is not an occasion for argument. To make statements which will not or cannot be supported by proof is, if it relates to significant elements of the case, professional misconduct. Moreover, it is fundamentally unfair to an opposing party to allow an attorney, with the standing and prestige inherent in being an officer of the court, to present to the jury statements not susceptible of proof but intended to influence the jury in reaching a verdict.

United States v. Dinitz, 424 U.S. 600, 612 (1976) (concurring opinion). Likewise, the purpose of an opening is "not to poison the jury's mind against the defendant." Government of Virgin Islands v. Turner, 409 F.2d 102, 103 (3d Cir. 1968). This rule requires the prosecution to avoid "prejudicial references." United States v. Thomas, 114 F.3d 228, 247 (D.C.Cir.1997). See also United States v. Moore, 651 F.3d 30, 52 (D.C. Cir. 2011)(opening statement was improper when it sought to "appeal to the jury's emotions by dramatic effect").

### THE GOVERNMENT'S *MOTION IN LIMINE* CONTAINS INAPPROPRIATELY COMBATIVE LANGUAGE

Evan a cursory review of the Government's *Motion In Limine* reveals the repeated use of argumentative adjectives in its description of the defendant's conduct. For example, the Government's memorandum includes, *inter alia*, the following references:

1. the defendant received "cocaine-fueled bribes" (Gov. MIL at p.2);

2. the Cartel del Sol and the FARC "brought violence and terror to Venezuela and devastation to American communities and elsewhere," (p. 5);

3. the Cartel sought to "weaponize cocaine by flooding it into the United States to inflict its harmful and addictive effects on communities throughout the country" (p. 5);

4. the FARC's violence caused "hundreds of thousands of deaths" (p. 7);

5. the defendant used his authority "to protect and facilitate massive cocaine shipments orchestrated by some of the most prolific drug traffickers in the world (p. 14);

6. the FARC "engaged in multiple acts of terrorism and violence against the Colombian

7. government and the United States' (p. 8); the defendant used his authority to "facilitate acts of violence, kidnapping, and murder" as part of a "campaign of violence" (p. 20);

8. the defendant's "campaign of violence" in support of his drug trafficking (p. 20).

## REQUEST FOR RELIEF

The contents of the Government's *Motion in Limine*, particularly when considered in their totality, evince a significant amount of contempt for the defendant, coupled with intentionally vitriolic prose. The defense is not asking this Court to micromanage the Government's opening argument, but to admonish the prosecutors to: (1) exercise appropriate professional caution in their comments to the jury; (2) to focus on the evidence they intend to introduce without extraneous commentary about geo-political issues; and (3) not to inflame the emotions of the jury by using pejorative expressions such as "cocaine fueled bribes;" "violence and terror; "campaign of violence," or other such formulations.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
1300 Pennsylvania Avenue, N.W.
Washington, D.C. 20008
D.C. Bar No. 366673
202-255-6637
RF@RFeitelLaw.com

Respectfully submitted,

/s/ *Sandi S. Rhee*
------------------------------
Sandi S. Rhee (VBN 47328)
10001 Georgetown Pike, #63
Great Falls, Virginia 22066
(202) 285-8366 cellular phone
SandiRheeLaw@Gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was sent via ECF to AUSAs Kaylan Lasky, Kevin Sullivan, and Bradley Nichols, Narcotic and Dangerous Drug Section, this 10th day of June, 2025.

*Robert Feitel*

_____

Robert Feitel