UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

UNITED STATES OF AMERICA

v.

                                              11 CR. 205 (AKH)

HUGO ARMANDO CARVAJAL-BARRIOS

      Defendant

-----------------------------------------------------------------x

## DEFENDANT'S SECOND OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE RE: ALLEGED EVIDENCE OF FLIGHT

### INTRODUCTION

The Government's *Motion In Limine* contains a section titled "The Defendant Attempts To Avoid Extradition And Prosecution In The United States," which summarizes the defendant's arrest in Aruba in 2014 and his subsequent release by the Foreign Minister of the Netherlands. The section also references General Carvajal's subsequent arrest in Spain in 2019, where he was granted release, until his subsequent re-arrest in 2021. Although it is not entirely clear from the Government's pleading whether the prosecution intends to introduce evidence concerning these events – and if so, under what legal theory - the defense objects as these matters are irrelevant to the proof of the charged conduct and would be unfairly prejudicial.

### FACTUAL BACKGROUND

1. **The Defendant's Arrest In Aruba**

The Government notes that the defendant was originally arrested in Aruba in July of 2014 based upon charges returned in a difference district. According to the prosecution:

1

> The defendant was released after Maduro and other members of the Cartel pressured Aruba and the Dutch government, including by reportedly deploying Venezuelan military ships to pressure the Arubans and Dutch to release him. On July 27, 2014, despite a ruling by an Aruban court that the defendant's provisional arrest was lawful and proper, the Dutch Foreign Minister released the defendant on the grounds that he had diplomatic immunity in Aruba.

Gov. MIL at p. 22.

### 2. The Defendant's Arrest In Spain

The prosecution also noted that in 2019, the defendant left Venezuela after criticizing President Maduro and was arrested in Spain on a provisional arrest warrant issued by the United States in this case. The government alleges that:

> In September 2019, a Spanish court refused to extradite the defendant and ordered that he be released. In November 2019, a reviewing Spanish court reversed the lower court's decision and ordered the defendant's extradition to the United States, but the defendant fled before Spanish authorities could detain him. . . . The defendant was arrested again by Spanish authorities in Madrid in September 2021 [and was thereafter extradited to the United States].

Gov. MIL at p. 23-24.

## ANALYSIS

It is not entirely clear if the Government intends to introduce evidence concerning the events in Aruba and/or Spain, but since these matters were included in the *Motion In Limine* in a section alleging flight to avoid prosecution, the defense notes its objection. Likewise, the Government did not articulate a basis for admissibility and did not request a "flight" instruction in its Proposed Jury Charge. See DE 239. There is no legal support for the introduction of any such evidence at the trial of this case.

Evidence of flight is not automatically admissible. In United States v. Benedetti, 433 F.3d 111, 116 (1st Cir.2005), for example, the First Circuit noted that as "a precursor to admissibility, the government must present sufficient extrinsic evidence of guilt to support an inference that a

defendant's flight was not merely an episode of normal travel but, rather, the product of a guilty conscience related to the crime alleged."

The Second Circuit has held that evidence of flight's "probative value" depends upon

> the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

United States v. Al-Sadawi, 432 F.3d 419, 424 (2d Cir. 2005). Accord United States v. Murphy, 996 F.2d 94, 97 (5th Cir. 1993).

In this case, the events in Aruba do not even appear to come within the ambit of the rule concerning evidence of flight. As an initial matter, there was no representation in the Government's pleading that he traveled there to avoid prosecution. Moreover, the defendant was essentially immune from arrest and extradition in Venezuela and so there could be no principled argument that he left his home country to avoid capture. Finally, the Government's MIL did not allege that the defendant personally participated in the events which led to his release in Aruba or that the decision by the Netherlands to order his release was contrary to law. For these reasons, evidence of his arrest in Aruba and subsequent release are not relevant in this case.

The Government's allegations with respect to the events in Spain likewise must be excluded. By the prosecution's own admission, the defendant traveled to Spain because of a rift in his relationship with Venezuelan President Maduro and the defendant's support for the opposition party candidate. Thus, the motivation for travel was not to avoid capture. Indeed, by this time the defendant knew that he had been indicted in the United States and that leaving Venezuela would expose him to arrest.

Similarly, the decision of the Spanish tribunal to deny the extradition request and to order the defendant's release is not evidence of flight but was rather the result of a legitimate judicial

3

process in a third country. While the Government alleges that the defendant thereafter "fled," they offer no facts in support of the conclusion. On the current state of the record, there is simply insufficient evidence to support the conclusory statement and no evidence that the defendant's conduct is evidence of his "consciousness of guilt." Accordingly, all evidence related to the events in Spain should likewise be excluded from the Government's case-in-chief.

## CONCLUSION

For all these reasons, the defense respectfully requests that this Court exclude all evidence of matters relating to the defendant's arrest in either Aruba and/or Spain and that no argument that this conduct constituted fight or consciousness of guilt be made by the prosecution.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
1300 Pennsylvania Avenue, N.W.
Washington, D.C. 20008
D.C. Bar No. 366673
202-255-6637
RF@RFeitelLaw.com


Respectfully submitted,

/s/ *Sandi S. Rhee*
-----------------------------
Sandi S. Rhee (VBN 47328)
10001 Georgetown Pike, #63
Great Falls, Virginia 22066
(202) 285-8366 cellular phone
SandiRheeLaw@Gmail.com

4

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was sent via ECF to AUSAs Kaylan Lasky, Kevin Sullivan, and Bradley Nichols, Narcotic and Dangerous Drug Section, this 10th day of June, 2025.

*Robert Feitel*

_____

Robert Feitel