UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

UNITED STATES OF AMERICA

v.                                                                                  11 CR. 205 (AKH)

HUGO ARMANDO CARVAJAL-BARRIOS


       Defendant

---------------------------------------------------------------x

## DEFENDANT'S THIRD OPPOSITION TO GOVERNMENT'S
## MOTION IN LIMINE RE: ALLEGED EVIDENCE OF VIOLENCE

### INTRODUCTION

    Defendant Hugo Carvajal submits this Opposition to the portion of the Government's *Motion In Limine* which seeks to introduce evidence of "drug related violence." See Gov. MIL at pp. 331-37. Defendant Carvajal is charged with: (1) a Narco-Terrorism conspiracy in violation of 21 United Stated Code Section 960a; (2) a Cocaine Importation conspiracy, in violation of 28 United Sates Code Section 969, 963; and (3) a Conspiracy To Possess Machineguns and Destructive Devices, in violation of 18 United States Code 924(c).

    As explained herein, none of the alleged evidence of violence is intrinsic to the charged conspiracies. Violence is not an element of any of these offenses and there is not a single reference in the twenty-eight page Second Superseding Indictment to any of the violent acts that the prosecution now seeks to introduce. Likewise, the introduction of the Government's proffered testimony as "other crimes" evidence pursuant to Rule 404(b) should be prohibited because the events constitute an attempt to improperly introduce prohibited evidence of criminal

1

propensity. Even if the evidence were somehow relevant, its unfairly prejudicial impact on the jury exponentially outweighs its probative value.

## FACTUAL BACKGROUND

The Government's *Motion In Limine* identifies the following violent acts that it seeks to introduce into evidence:

1. CW-5 will testify that, in 2007, the defendant and CC-4 worked with Varela to kidnap Victim-1 and Victim-2 in the international departures terminal at the Maiquetia Airport and delivered them to Varela where they were murdered that night in exchange for $500,000.
2. CW-5 will also testify that, in 2007, the defendant had another drug trafficker and his wife murdered for Varela.
3. Finally, Witness-1 will testify that, in 2010, the defendant and DIM officials working at his direction dragged Witness-1 out of the Maiquetia Airport while Witness-1 was attempting to travel to Peru en route to Colombia, in part, to meet with DEA agents about drug trafficking in Venezuela. Then, at DIM headquarters, the defendant and others brutally tortured Witness-1 for nearly three weeks. [1]

For all of the following reasons, this Court should not permit testimony concerning any of these events.

## ANALYSIS

As an initial matter, all of the alleged violent conduct that the Government seeks to prove took place outside of the United States more than a decade ago. As a practical matter, there was never any opportunity for the defense to investigate these claims, to locate potential witnesses, and conduct the type of investigation that would be appropriate given the severity of the

---

[1] In addition, the Government seeks leave of this Court to introduce evidence from CW-2 that:

> the FARC bombed Colombian pipelines and attacked the Colombian military and engaged in kidnappings and extortion. The Government similarly expects to offer expert testimony regarding the FARC's history of committing violent acts of terrorism.

Gov. MIL at pp. 41-42.

allegations. These limitations raise serious due process questions about ever permitting such testimony in evidence during the trial of this case.

More troubling, however, the Government's express reason for admission of these events is that "[s]uch evidence illustrates the length that the defendant would go to assist his drug trafficking partners and enrich himself in the drug trade." Gov. MIL at p. 33. The prosecution is not arguing that the evidence is necessary to prove its case, nor could it. The Government's Motion In Limine identifies: (1) numerous instances in which the defendant allegedly assisted the FARC, then a designated terrorist group; and (2) many alleged examples of the defendant's participation in international drug shipments that do not involve violence. That evidence is at least theoretically related to the conspiracy charges in Counts One and Two. The violent conduct that the prosecution seeks to present to the jury is not an element of the charged offenses, nor is it an inherent part of the conspiracies.

When the Government argues that violence proves the "limits" of what the defendant was prepared to do, the prosecution in in effect saying that Carvajal was a bad person who would commit violence and kidnapping and torture without a second thought. That constitutes improper propensity evidence. The Government also noted that such evidence is relevant to proving that "the defendant engaging in a narcotics conspiracy with the intent to provide something of pecuniary value (in this instance, weapons) to the FARC." Gov. MIL at p. 35. But it is abundantly clear from the Government's summary of potential trial testimony that there are numerous other alleged examples of such conduct that do not involve kidnapping, torture, and killing.

Even if this Court were to conclude that the evidence was admissible to show the defendant's participation in the conspiracy, it would still need to be excluded as unfairly

3

prejudicial under Federal Rule of Evidence 403 because its probative value is far outweighed by its potential to unfairly prejudice the defendant. The events described by the Government are certain to improperly inflame the jurors' passions against the defendant and no limiting instruction or other remedial steps can militate the unfair prejudice that would ensue.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
1300 Pennsylvania Avenue, N.W.
Washington, D.C.  20008
D.C. Bar No. 366673
202-255-6637
RF@RFeitelLaw.com

Respectfully submitted,

/s/ *Sandi S. Rhee*

-----------------------------
Sandi S. Rhee (VBN 47328)
10001 Georgetown Pike, #63
Great Falls, Virginia 22066
(202) 285-8366 cellular phone
SandiRheeLaw@Gmail.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was sent via ECF to AUSAs Kaylan Lasky, Kevin Sullivan, and Bradley Nichols, Narcotic and Dangerous Drug Section, this 10th day of June, 2025.

*Robert Feitel*

_____

Robert Feitel