UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

UNITED STATES OF AMERICA

v.

                                                                                    11 CR. 205 (AKH)

HUGO ARMANDO CARVAJAL-BARRIOS

        Defendant

---------------------------------------------------------------x

### DEFENDANT'S FOURTH OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE RE: POTENTIAL DEFENSE ARGUMENTS

      The Government has asked this Court to preclude defense arguments concerning three separate subject matters that jury acquittal or nullification is warranted because: (1) these matters took place long ago; (2) outside of the United States; and (3) that the defendant faces persecution in Venezuela or any discussion of recent events in that nation. See Gov. MIL at pp. 67-70.

      With respect to the conduct of the pending trial in general, undersigned defense counsel are neither amateurs nor anarchists in the courtroom. Undersigned understand the rules that govern defense counsel's cross-examination of witnesses and the limits on appropriate jury arguments, including issues involving jury nullification. Defense counsel do not intend to conduct cross-examination or make jury arguments outside the confines of those rules.

      As to the specific issues raised in the Government's *Motion in Limine*, the defense will surely be inquiring about the fact that these matters took place a very long time ago, because that relates to witness recollection – which is surely an appropriate scope of cross-examination. Similarly, with respect to the location of the events, such matters may be relevant to pointing out

during cross-examination the lack of corroboration with respect to witness testimony because the alleged conduct took place in a foreign country.

Finally, it seems that the Government agrees that the defendant faces a risk of retaliation in the event he would ever be returned to Venezuela because he spoke out against the Maduro regime. It may well be that during the trial this matter would be an appropriate subject for cross-examination, for example, to point out witness bias or to suggest motive to curry favor with the United States. Whether and to which witnesses such questions are posed will depend on the vagaries of the trial – which are impossible to predict completely before it even begins.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
1300 Pennsylvania Avenue, N.W.
Washington, D.C.  20008
D.C. Bar No. 366673
202-255-6637
RF@RFeitelLaw.com

Respectfully submitted,

/s/ *Sandi S. Rhee*

------------------------------
Sandi S. Rhee (VBN 47328)
10001 Georgetown Pike, #63
Great Falls, Virginia 22066
(202) 285-8366 cellular phone
SandiRheeLaw@Gmail.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was sent via ECF to AUSAs Kaylan Lasky, Kevin Sullivan, and Bradley Nichols, Narcotic and Dangerous Drug Section, this 10th day of June, 2025.

*Robert Feitel*

_____

Robert Feitel