# EXHIBIT B

**LAW OFFICE OF ROBERT FEITEL, P.L.L.C.**
1300 Pennsylvania Avenue, N.W.
WASHINGTON, D.C. 20004
202-255-6637 (cell)

October 28, 2025

Kaylan Lasky
Kevin Sullivan
Bradley Nichols
United States Attorney's Office for the
Southern District of New York
Manhattan, New York 10007

      Re: *U.S. v. Hugo Armando Carvajal Barrios*
         11 Cr. 205 (AKH)

Dear Counsel:

  As you know, my client Hugo Carvajal pled guilty to all the counts contained the Fourth Superseding Indictment without a written Plea Agreement or Statement of Facts. At the time of his guilty plea, the Government agreed that he admitted sufficient facts to establish the essential elements of each of the charged offenses.

  It was implicit in my client's decision to plead guilty in this manner that he was not admitting to any of the specific factual allegations set forth in the Superseding Indictment.

  I thereafter reviewed the contents of the PSR with my client. The factual representations contained in paragraphs 13-47, and 50 of the PSR appear to have been provided by the prosecution to the Probation Office and then simply incorporated into the PSR without any independent investigation or review. I previously advised the Government in writing that my client objects to the Base Level Offense and certain Specific Offense Characteristics contained in the PSR.

  In response, the Government inquired as to what specific paragraphs in the PSR my client objects to. There is no principled reason why the defense needs to specifically identify the paragraphs that it contests because the burden of proving the Base Offense Level and Specific Offense Characteristics rests with the prosecution. It would ill serve my client for his attorney to agree to facts that the Government has the obligation of proving. Your email of October 22, 2025 correctly concludes that the defense disagrees with "most of all of the offense conduct." That was implicit in the defendant's guilty plea allocution.

  Moreover, the PSR contains an extraordinary amount of superfluous (and inflammatory) comments, for example, about the FARC, which are completely irrelevant to the current prosecution and for which the defense need not respond, since the defendant admits that at all times relevant to the charges against him the FARC was designated a foreign terrorist organization. There are similarly numerous allegations about my client that do not appear

1

relevant to any of the offense characteristics and for which no response by the defense is necessary.

  Accordingly, after consulting with our client, notwithstanding the Government's request for more specific objections, we do not believe that we are required to object more specifically to the PSR. To the extent that such objections are necessary, the defense objects to the contents of paragraphs 13-47 and 50 unless otherwise admitted to during the change of plea hearing.

  If you determine that the Government needs more than two days to present evidence at a *Fatico* hearing, the defense would not object. Likewise, if the Government needs additional time to prepare, the defense would not object to a continuance.

Regards

*Robert Feitel*

_____
Robert Feitel