**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v.

NICOLÁS MADURO MOROS, *et al.*,

Defendants.

S4 11-CR-205 (AKH)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NICOLÁS MADURO MOROS TO DISMISS COUNT ONE**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

LEGAL STANDARD........ 2

I. AN INDICTMENT MUST ALLEGE THE ESSENTIAL ELEMENTS OF THE OFFENSE. ........ 2

II. AN INDICTMENT MAY NOT CONSTITUTIONALLY CHARGE FOREIGN CONDUCT WITHOUT ALLEGING THAT THE CONDUCT HAS A NEXUS TO THE UNITED STATES. ........ 4

III. AN INDICTMENT MAY NOT CHARGE CONDUCT THAT IS BEYOND CONGRESSIONAL AUTHORITY TO PROSCRIBE UNDER ITS ENUMERATED POWERS. ........ 4

ARGUMENT ........ 6

I. COUNT ONE MUST BE DISMISSED BECAUSE IT FAILS TO ALLEGE THE NECESSARY JURISDICTIONAL ELEMENT. ........ 6

II. COUNT ONE MUST BE DISMISSED BECAUSE APPLYING § 960A TO PURELY EXTRATERRITORIAL CONDUCT VIOLATES THE DUE PROCESS CLAUSE. ........ 9

III. COUNT ONE MUST BE DISMISSED BECAUSE APPLYING § 960A TO PURELY EXTRATERRITORIAL CONDUCT WOULD EXCEED CONGRESSIONAL AUTHORITY UNDER THE FOREIGN COMMERCE CLAUSE. ........ 12

CONCLUSION ........ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baston v. United States*,
580 U.S. 1182 (2017), (Thomas, J., dissenting from denial of writ of *certiorari*) .................... 5

*Gibbons v. Ogden*,
22 U.S. 1 (1824) .................... 12

*Hamling v. United States*,
418 U.S. 87 (1974) .................... 3, 8

*In re Sealed Case*,
936 F.3d 582 (D.C. Cir. 2019) .................... 5, 7

*Marbury v. Madison*,
5 U.S. (1 Cranch) 137 (1803) .................... 4

*Russell v. United States*,
369 U.S. 749 (1962) .................... 3, 8

*Torres v. Lynch*,
578 U.S. 452 (2016) .................... 7

*United States v. Ahmed*,
94 F. Supp. 3d 394 (E.D.N.Y. 2015) .................... 11, 12

*United States v. Al Kassar*,
660 F.3d 108 (2d Cir. 2011) .................... 4, 10, 11

*United States v. Antonius*,
73 F.4th 82 (2d Cir. 2023) .................... 4

*United States v. Archer*,
486 F.2d 670 (2d Cir. 1973) .................... 10

*United States v. Braverman*,
376 F.2d 249 (2d Cir. 1967) .................... 5

*United States v. Manaf*,
No. 25-41-cr, 2026 WL 2526273 (2d Cir. Aug. 27, 2026) .................... 7, 8

*United States v. Morrison*,
529 U.S. 598 (2000) .................... 4

*United States v. Pirro*,
212 F.3d 86 (2d Cir. 2000) .......... 2, 3, 8

*United States v. Prado*,
933 F.3d 121 (2d Cir. 2019) .......... 7

*United States v. Rife*,
33 F.4th 838 (6th Cir. 2022) .......... 5

*United States v. Serrano*,
191 F. Supp. 3d 287 (S.D.N.Y. 2016) .......... 8

*United States v. Stringer*,
730 F.3d 120 (2d Cir. 2013) .......... 3

*United States v. Viglakis*,
No. 12-cr-585, 2013 WL 4477023 (S.D.N.Y. Aug. 14, 2013) .......... 11

*United States v. Wallace*,
85 F.3d 1063 (2d Cir. 1996) .......... 10

*United States v. Weingarten*,
632 F.3d 60 (2d Cir. 2011) .......... 5

*United States v. Yousef*,
327 F.3d 56 (2d Cir. 2003) .......... 4, 5, 9, 11

*United States v. Yousef*,
750 F.3d 254 (2d Cir. 2014) .......... 4

**Statutes**

21 U.S.C. § 841(a) .......... 6

21 U.S.C. § 960a .......... passim

U.S. Const. art. I, § 8 .......... 5, 12

**Rules**

Fed. R. Crim. P. 7(c)(1) .......... 3

**Other Authorities**

3 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Criminal* .......... 10

## PRELIMINARY STATEMENT

President Nicolás Maduro Moros moves for dismissal of Count One of the Fourth Superseding Indictment, ECF 260 (the "Indictment"), for failure to state an offense. Count One purports to charge Mr. Maduro with narcoterrorism conspiracy, in violation of 21 U.S.C. § 960a, by alleging drug trafficking with the intent to benefit groups that allegedly engage in terrorism. Mr. Maduro vehemently denies that he had anything to do with drug trafficking or intended to benefit anyone engaged in terrorism. The charge must be dismissed, however, because it does not allege that the foreign conduct that it claims occurred meets § 960a's jurisdictional element; does not pass constitutional muster under the Due Process Clause since it fails to allege the conduct it claims occurred was aimed at the United States; and charges conduct that is beyond congressional authority to regulate under the Foreign Commerce Clause or any other enumerated power.[1]

The narcoterrorism statute, which was enacted in 2006 in connection with the reauthorization of the USA PATRIOT ACT, was intended to target foreign conduct. Recognizing that its power to police the rest of the world is not unlimited, Congress included a jurisdictional element that authorizes the use of the statute to prosecute foreign conduct under only five enumerated scenarios in which the foreign conduct is connected to the United States. Ignoring those parameters set by Congress, the Indictment fails—even by tracking the statutory language—to allege any basis for jurisdiction over the solely foreign conduct it alleges. Because Count One fails to allege a necessary element of the offense, it must be dismissed.

[1] Mr. Maduro files this Motion in compliance with the Court's bifurcated motions schedule since this Motion addresses a legal failing in the Indictment and can be resolved without reliance on any discovery produced in the case. Mr. Maduro, however, has filed herewith a motion to dismiss the Indictment in its entirety based on sovereign immunity. Accordingly, the Court should dismiss the Indictment against Mr. Maduro on that basis and need not reach this Motion. If, however, the Court fails to dismiss based on sovereign immunity, the Court should dismiss Count One for the reasons set forth in this Motion.

Relatedly, the statute cannot constitutionally be applied to the conduct it alleges because Count One does not allege a sufficient nexus between that conduct and the United States. Specifically, Count One does not allege any intent by Mr. Maduro to harm the United States through his purported foreign pecuniary support of terrorist organizations outside the United States. The Due Process Clause prevents the application of criminal statutes to foreign conduct that lacks a nexus to the United States because such prosecution would be arbitrary and fundamentally unfair. Similarly, because it is beyond the authority of Congress under the Foreign Commerce Clause to regulate foreign conduct that lacks a nexus to the United States, it would be unconstitutional to apply § 960a to the conduct alleged against Mr. Maduro in Count One.

The Count One charge fails to state an offense because it purports to charge a foreign citizen under § 960a for solely foreign conduct without adequately pleading the statute's jurisdictional element; it fails to satisfy the Due Process Clause's requirement that it must be alleged that the conduct intended to cause harm to the United States, its citizens, or its interests; and it charges conduct that is not within congressional authority to regulate. For each of these independent reasons, Count One must be dismissed.

## LEGAL STANDARD

### I. AN INDICTMENT MUST ALLEGE THE ESSENTIAL ELEMENTS OF THE OFFENSE.

"A criminal defendant is entitled to an indictment that states the essential elements of the charge against him." *United States v. Pirro*, 212 F.3d 86, 91 (2d Cir. 2000) (citations omitted). This right implicates both the Fifth and Sixth Amendments: the Fifth Amendment, because otherwise "the defendant cannot be assured that he is being tried on the evidence presented to the grand jury, or that the grand jury acted properly in indicting him"; and the Sixth Amendment, because otherwise a defendant would not "be informed of the nature and cause of the accusation."

*Id.* at 92 (citation omitted); *see also Russell v. United States*, 369 U.S. 749, 761 (1962). "[A]n important corollary purpose to be served by the requirement that an indictment set out the specific offen[s]e . . . is to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." *Russell*, 369 U.S. at 768 (cleaned up). Moreover, to satisfy Federal Rule of Criminal Procedure 7(c)(1), the indictment must "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offen[s]e intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (internal quotation marks omitted); *see also Pirro*, 212 F.3d at 91 (a "criminal defendant is entitled to an indictment that states the essential elements of the charge against him"). Because of the important goals that it serves, an indictment "must be considered as it was actually drawn, not as it might have been drawn." *Id.* at 92.

While it is ordinarily sufficient for an indictment to track the language of a statute, "when one element of the offense is implicit in the statute, rather than explicit, and the indictment tracks the language of the statute and fails to allege the implicit element explicitly, the indictment fails to allege an offense." *Id.* at 93 (internal quotation marks and quotation omitted). Moreover, "where the definition of an offen[s]e, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offen[s]e in the same generic terms as in the definition; but it must state the species,—it must descend to particulars." *Id.* (quoting *Russell*, 369 U.S. at 765); *see also United States v. Stringer*, 730 F.3d 120, 126 (2d Cir. 2013) ("[F]or certain statutes specification of how a particular element of a criminal charge will be met (as opposed to categorical recitation of the element) is of such importance to the fairness of the proceeding that it must be spelled out in the indictment.").

## II. AN INDICTMENT MAY NOT CONSTITUTIONALLY CHARGE FOREIGN CONDUCT WITHOUT ALLEGING THAT THE CONDUCT HAS A NEXUS TO THE UNITED STATES.

While Congress "has the authority to enforce its laws beyond the territorial boundaries of the United States," the extraterritorial application of a statute must also comport with the requirements of due process. *See United States v. Yousef*, 327 F.3d 56, 86 (2d Cir. 2003), *overruled on other grounds as stated in United States v. Yousef*, 750 F.3d 254, 261 (2d Cir. 2014). So as not to render the imposition of criminal charges "arbitrary or fundamentally unfair," in violation of the Due Process Clause, "there must be a sufficient nexus between the defendant and the United States." *United States v. Al Kassar*, 660 F.3d 108, 118 (2d Cir. 2011) (internal quotation marks and quotation omitted).

This nexus can be satisfied when a defendant is a United States citizen or commits acts inside the United States. But "[f]or non-citizens acting entirely abroad," as Count One of the Indictment alleges Mr. Maduro was, "a jurisdictional nexus exists when the aim of that activity is to cause harm inside the United States or to U.S. citizens or interests." *Id.* (citations omitted); *accord United States v. Antonius*, 73 F.4th 82, 87 (2d Cir. 2023) ("When individuals who are not United States citizens act on foreign soil, nexus is present where the aim of the activity is to cause harm inside the United States or to U.S. citizens or interests." (cleaned up)).

## III. AN INDICTMENT MAY NOT CHARGE CONDUCT THAT IS BEYOND CONGRESSIONAL AUTHORITY TO PROSCRIBE UNDER ITS ENUMERATED POWERS.

Because "'[t]he powers of the legislature are defined and limited,'" "[e]very law enacted by Congress must be based on one or more of its powers enumerated in the Constitution." *United States v. Morrison*, 529 U.S. 598, 607 (2000) (quoting *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 176 (1803)). Unlike "piracy, war crimes, and crimes against humanity," there is no "universal

jurisdiction" over terrorism such that it would come within the scope of the Define and Punish Clause. *Yousef*, 327 F.3d at 103-08; U.S. Const. art. I, § 8, cl. 10 (Congress may legislate to "define and punish Piracies and Felonies committed on the high Seas, and Offen[s]es against the Law of Nations").

The Foreign Commerce Clause gives Congress the power to "regulate Commerce with foreign Nations." U.S. Const. art. I, § 8, cl. 3. Congressional power under the Foreign Commerce Clause cannot extend to "criminaliz[ing] conduct with *no* effect on the United States." *In re Sealed Case*, 936 F.3d 582, 590 (D.C. Cir. 2019) (citations omitted); *see also Baston v. United States*, 580 U.S. 1182 (2017) (Thomas, J., dissenting from denial of writ of *certiorari*) ("whatever the correct interpretation of the foreign commerce power may be, it does not confer upon Congress a virtually plenary power over global economic activity"); *United States v. Rife*, 33 F.4th 838, 845 (6th Cir. 2022) (criminal statute governing foreign conduct did not fall within the scope of congressional regulatory power under the Foreign Commerce Clause).

A statute can be applied only where there is a territorial nexus to the United States. *See United States v. Weingarten*, 632 F.3d 60, 70-71 (2d Cir. 2011) (interpreting statute to require territorial nexus to United States and noting that such interpretation "avoids the necessity of addressing whether such an exercise of congressional power would comport with the Constitution"). The Second Circuit has held, for example, that Congress may criminalize acts in foreign commerce where the defendant knew they would have an effect in the United States. *See United States v. Braverman*, 376 F.2d 249, 251 (2d Cir. 1967) ("Braverman knew, when he cashed the money orders and gave Miranda two for the same purpose, that he was putting them into foreign commerce because, of necessity, they had to be ultimately paid in Brooklyn, New York."). It has, however, never upheld, nor would the Foreign Commerce Clause permit, a charge based on foreign

conduct in the absence of an allegation that the defendant knew or intended to harm the United States, its citizens, or its interests.

## ARGUMENT

### I. COUNT ONE MUST BE DISMISSED BECAUSE IT FAILS TO ALLEGE THE NECESSARY JURISDICTIONAL ELEMENT.

Count One charges Mr. Maduro and certain co-defendants (not including Ms. Flores de Maduro) with conspiring to violate 21 U.S.C. § 960a, the "narcoterrorism" statute. Subsection (a) of Section 960a prohibits "engag[ing] in conduct that would be punishable under [21 U.S.C. § 841(a)] if committed within the jurisdiction of the United States, or attempt[ing] or conspir[ing] to do so" while "knowing or intending to provide, directly or indirectly, anything of pecuniary value to any person or organization that has engaged or engages in terrorist activity . . . or terrorism." 21 U.S.C. § 960a(a).

The statute includes a jurisdictional component listed in subsection (b), titled "Jurisdiction." This Jurisdiction subsection provides that "[t]here is jurisdiction over an offense under this section if" one of the five following requirements are met:

> (1) the prohibited drug activity or the terrorist offense is in violation of the criminal laws of the United States,
>
> (2) the offense, the prohibited drug activity, or the terrorist offense occurs in or affects interstate or foreign commerce,
>
> (3) an offender provides anything of pecuniary value for a terrorist offense that causes or is designed to cause death or serious bodily injury to a national of the United States while that national is outside the United States, or substantial damage to the property of a legal entity organized under the laws of the United States (including any of its States, districts, commonwealths, territories, or possessions) while that property is outside of the United States,
>
> (4) the offense or the prohibited drug activity occurs in whole or in part outside of the United States (including on the high seas), and a perpetrator of the offense or the prohibited drug activity is a national of the United States or a

legal entity organized under the laws of the United States (including any of its States, districts, commonwealths, territories, or possessions), or

(5) after the conduct required for the offense occurs an offender is brought into or found in the United States, even if the conduct required for the offense occurs outside the United States.

21 U.S.C. § 960a(b).

This jurisdictional element is a necessary element of § 960a. *See In re Sealed Case*, 936 F.3d at 590 ("[t]he government must find jurisdiction to prosecute . . . under at least one of those elements"); *see also United States v. Manaf*, No. 25-41-cr, 2026 WL 2526273, at *1 (2d Cir. Aug. 27, 2026) (summary order) ("the Government does not dispute that the District Court's failure to charge the jury on the jurisdictional element of § 960a constituted [plain] error"). The jurisdictional element "connects the law to one of Congress' enumerated powers, thus establishing legislative authority," whereas substantive elements "describe the evil Congress seeks to prevent." *Torres v. Lynch*, 578 U.S. 452, 467 (2016). As explained by the D.C. Circuit in *In re Sealed Case*, "§ 960a(a) refers to much conduct occurring outside of the United States, and § 960a(b) puts limits on that extraterritorial sweep." 936 F.3d at 595.

Importantly, "[b]oth kinds of elements must be proved to a jury beyond a reasonable doubt." *Torres*, 578 U.S. at 467; *see also In re Sealed Case*, 936 F.3d at 212-13 (the jurisdictional element "treats the relevant condition as an element of the offense to be found by a jury, and proof of such element is no different from proof of any other element of a federal crime" (cleaned up)); *United States v. Prado*, 933 F.3d 121, 150 n.16 (2d Cir. 2019) ("jurisdictional elements must be proved to the jury just like the substantive elements of a crime").

The Indictment includes only the substantive elements of § 960a(a); it fails to track any of the jurisdictional language contained in § 960a(b). *See* Indictment ¶¶ 23-24 (tracking the elements of § 960a(a)). This stands in contrast to other narcoterrorism indictments brought in this District.

*See, e.g.*, Superseding Indictment, *United States v. Manaf*, 18-cr-762 (S.D.N.Y. Aug. 6, 2019), ECF 24 ¶ 3 (alleging that "activity violates the criminal laws of the United States, occurs in and affects foreign commerce, and causes and is designed to cause death and serious bodily injury to nationals of the United States"); Superseding Indictment, *United States v. Mane*, 12-cr-839 (S.D.N.Y. Apr. 5, 2013), ECF 16 ¶ 11 (alleging "prohibited drug activity and terrorist offense violate the criminal laws of the United States, occur in and affect foreign commerce, and cause and are designed to cause death and serious bodily injury to nationals of the United States . . . and substantial damage to the property of a legal entity organized under the laws of the United States"); Superseding Indictment, *United States v. Garavito-Garcia*, 12-cr-839 (S.D.N.Y. Jan. 8, 2013), ECF 11 ¶ 10 (same).

Because the Indictment fails to allege the jurisdictional element, Mr. Maduro "cannot be assured that . . . the grand jury acted properly in indicting him." *Pirro*, 212 F.3d at 92. There is nothing to establish that the grand jury considered whether there were grounds for extraterritorial jurisdiction or if it was presented with any evidence in support of extraterritorial jurisdiction. *See id*. This failing undermines the core protection provided under the Fifth Amendment and requires dismissal. *See Russell*, 369 U.S. at 770.

Count One does not set forth the jurisdictional element "fully, directly, and expressly, without any uncertainty or ambiguity." *Hamling*, 418 U.S. at 117. It therefore fails to set forth "all the elements necessary to constitute the offen[s]e," and must be dismissed. *Id.*; *see United States v. Serrano*, 191 F. Supp. 3d 287 (S.D.N.Y. 2016) (dismissing indictment for failure to state interstate commerce element of charged offense).

## II. COUNT ONE MUST BE DISMISSED BECAUSE APPLYING § 960A TO PURELY EXTRATERRITORIAL CONDUCT VIOLATES THE DUE PROCESS CLAUSE.

Even if the Indictment could be construed to meet the jurisdictional element, Count One would still need to be dismissed because the facts alleged involve purely extraterritorial conduct without a nexus to the United States. Count One does not allege that Mr. Maduro's aim was to cause harm inside the United States or to harm the citizens or interests of the United States. Without a nexus between a defendant's alleged conduct in violation of a charged statute and the United States, the prosecution of such a defendant is arbitrary and unfair, in violation of the Due Process Clause. *See Yousef*, 327 F.3d at 111-12. Because Count One fails to allege the bare minimum that would allow it to be constitutionally applied to the conduct it alleges, it fails to state an offense and must be dismissed.

Count One does not allege that Mr. Maduro intended to harm the United States. The only connection to the United States alleged in Count One is that "at least one of [the Defendants] has been and will be first brought to and arrested in the Southern District of New York." Indictment ¶ 23. This allegation relates to venue. It is not an allegation clearly establishing one of § 960a's jurisdictional elements.

Assuming, *arguendo*, that this allegation were sufficient to allege § 960a(b)(5), however, the failure of Count One to allege any nexus between the conduct alleged in Count One and the United States renders Count One constitutionally infirm as applied to the alleged conduct. That someone, after the completion of purely foreign conduct subsequently comes to the United States, does not provide the constitutionally required nexus between the offense conduct and the United States. Nor does it comport with Mr. Maduro's Fifth Amendment rights. A grand jury cannot indict a defendant based on a future act—Mr. Maduro being brought to the United States. Prosecution based on § 960a(b)(5) would also be subject to dismissal because, if that is the basis for

jurisdiction, jurisdiction was "manufactured" through no voluntary act of Mr. Maduro, but rather through his forceful abduction against his will. *See United States v. Archer*, 486 F.2d 670 (2d Cir. 1973); *Al Kassar*, 660 F.3d at 120 (jurisdiction is not manufactured if the defendant "then takes voluntary actions that implicate the [government-initiated] element." (quoting *United States v. Wallace*, 85 F.3d 1063, 1066 (2d Cir. 1996))).[2]

The lack of any connection between the conduct alleged against Mr. Maduro in Count One and the United States runs afoul of the Due Process Clause and requires the dismissal of Count One. Unlike a drug importation charge, which would involve allegations relating to importing drugs *into the United States*, Count One does not allege any connection to the United States or intent to harm the United States, its citizens, or its interests. The offense charged in Count One is narcoterrorism. The gravamen of this offense is providing a pecuniary benefit to a terrorist organization. Thus, the Government must ultimately prove "the defendant knew and intended . . . [to] provide something of pecuniary value to [a person or organization], and that he did so knowing or believing that the [person or organization] was engaged in terrorist activities." 3 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions: Criminal* ¶ 56.08, Instruction 56-57.

While the Indictment alleges that Mr. Maduro and other defendants "partnered with [terrorist organizations] to distribute tons of cocaine to the United States," Indictment ¶¶ 4, 18, it fails to provide any connection between Mr. Maduro's alleged pecuniary support for terrorist

[2] To the extent the government were to argue that the Indictment, while not tracking the statutory language of § 960a(b)(1), nonetheless alleges that "prohibited drug activity or the terrorist offense is in violation of the criminal laws of the United States," this argument would likewise fail. First, engaging in drug activity or terrorist activity entirely abroad would not violate the criminal laws of the United States. Second, as with § 960a(b)(5), assuming *arguendo* that Count One sufficiently alleges the statutory jurisdictional element set forth in § 960a(b)(1), the failure to allege any nexus to the United States would render the statute unconstitutional under the Due Process Clause as applied to the conduct alleged in Count One.

organizations and the United States, and is therefore insufficient with respect to Count One. While there are mentions of the relevant terrorist organizations' alleged impacts on the United States, *Id.* ¶¶ 11-15, the Indictment fails to allege that Mr. Maduro knew about those alleged impacts or provided any aid to these terrorist organizations with the "aim [of] caus[ing] harm inside the United States or to U.S. citizens or interests." *Al Kassar*, 660 F.3d at 118. Thus, Count One does not allege what due process requires—that "the aim of [the] activity," in this case, the provision of pecuniary support to terrorist organizations, "is to cause harm inside the United States or to U.S. citizens or interests." *Id.*

Count One against Mr. Maduro stands in stark contrast to cases in which the due process nexus requirement was satisfied. In those cases, it was alleged, and proven at trial or established by plea agreement, that the defendant provided material support to terrorist organizations "with the understanding that [they] intend[ed] to kill U.S. citizens and destroy U.S. property." *United States v. Ahmed*, 94 F. Supp. 3d 394, 410 (E.D.N.Y. 2015) ("[B]ecause the alleged aim of their activity, in materially assisting al-Shabaab carry out its mission, was to cause harm inside the United States or to U.S. citizens or interests, there is a sufficient territorial nexus with the United States." (cleaned up)); *see also Al Kassar*, 660 F.3d at 118 (finding a sufficient nexus because "[t]he defendants' conspiracy was to sell arms to FARC with the understanding that they would be used to kill Americans and destroy U.S. property; the aim therefore was to harm U.S. citizens and interests and to threaten the security of the United States"); *Yousef*, 327 F.3d at 112 (due process nexus present where "defendants conspired to attack a dozen United States-flag aircraft in an effort to inflict injury on this country and its people and influence American foreign policy"); *United States v. Viglakis*, No. 12-cr-585, 2013 WL 4477023, at *6 (S.D.N.Y. Aug. 14, 2013) (finding nexus sufficient where defendant was told arms "would be used to fight the Colombian

and American governments, and that he needed a type capable of taking down a U.S. aircraft"). There is no allegation that Mr. Maduro knew that any of the terrorist organizations listed in the Indictment (some of which were not designated as terrorist organizations at the time of Mr. Maduro's supposed provision of support to them) intended to harm the United States, its citizens, or its interests; or that it was *his* aim that they do so.

Count One fails to allege a sufficient nexus between Mr. Maduro's alleged conduct in violation of 21 U.S.C. § 960a and the United States. As a result, even if Count One adequately alleges a violation of the statutory language, it must be dismissed because applying the statute to the conduct alleged against Mr. Maduro would violate his right to due process. *Ahmed*, 94 F. Supp. 3d at 408 ("The absence of the required nexus is grounds for dismissing an indictment before the district court." (cleaned up)).

## III. COUNT ONE MUST BE DISMISSED BECAUSE APPLYING § 960A TO PURELY EXTRATERRITORIAL CONDUCT WOULD EXCEED CONGRESSIONAL AUTHORITY UNDER THE FOREIGN COMMERCE CLAUSE.

For similar reasons, to the extent that § 960a purports to prohibit the conduct alleged against Mr. Maduro in Count One, it would be unconstitutional to apply § 960a to that conduct because it would exceed Congressional authority. Congress does not have the authority to regulate purely foreign commerce. *See* U.S. Const. art. I, § 8, cl. 3 ("The Congress shall have Power . . . To regulate Commerce *with* foreign Nations" (emphasis added)); *Gibbons v. Ogden*, 22 U.S. 1, 3 (1824) ("The power to regulate commerce extends to every species of commercial intercourse *between* the United States and foreign nations. . . ." (emphasis added)). It cannot proscribe a foreign citizen from providing a foreign pecuniary benefit through drug activity to a foreign terrorist organization unless that person did so with the aim to harm the United States. Because Count One alleges that Mr. Maduro, a foreign citizen, provided pecuniary benefits from drug activity abroad to foreign

organizations that are alleged to engage in terrorism, but fails to allege that he did so with the intent or aim that those organizations would harm the United States, what it alleges is beyond the reach of Congress. It would be unconstitutional to apply § 960a to the conduct alleged against Mr. Maduro in Count One. Accordingly, Count One must be dismissed for this additional independent reason.

**CONCLUSION**

Mr. Maduro respectfully requests the Court to dismiss Count One of the Indictment for failure to state an offense. Count One does not allege the jurisdictional basis for liability, an essential element of the offense. Even if Count One adequately alleges the statutory elements, it must be dismissed because application of § 960a to the conduct alleged against Mr. Maduro in Count One would violate the Due Process Clause. Further, such an application of the law would exceed congressional authority under the Foreign Commerce Clause. Accordingly, Count One must be dismissed for each of these reasons.

Dated: September 2, 2026

Respectfully submitted,

*/s/ Barry J. Pollack*

Barry J. Pollack
HARRIS TRZASKOMA LLP
1300 19th Street, NW, Suite 700
Washington, D.C. 20036
(934) 667-3824
bpollack@harristrz.com

Anna Estevao
HARRIS TRZASKOMA LLP
125 Broad Street, 10th Floor
New York, NY 10004
(212) 970-6465
aestevao@harristrz.com

*Counsel for Nicolás Maduro Moros*